NICHOLAS B. JANDA (SBN 253610)
nick.janda@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

MONICA B. RICHMAN (*pro hac vice* pending)
monica.richman@dentons.com
DANIEL A. SCHNAPP (*pro hac vice* pending)
daniel.schnapp@dentons.com
MARY KATE BRENNAN (*pro hac vice* pending)
marykate.brennan@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

Attorneys for Plaintiff
DAYBREAK GAME COMPANY LLC

FILED
Jun 14 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ gloriavocal   DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI, ALEXANDER TAYLOR, and DOES 1-20, inclusive,<br><br>Defendants. | CONFIDENTIAL – ~~FILED UNDER SEAL~~<br><br>Case No. '25CV1489 BAS BLM<br><br>**PLAINTIFF DAYBREAK GAME COMPANY LLC'S MOTION TO FILE UNDER SEAL** |

1

Case No. _____
MOTION & MEMORANDUM
ISO MOTION TO SEAL

Pursuant to Local Rule 83.3(g), Plaintiff Daybreak Game Company LLC ("Daybreak") respectfully requests that the Court issue an order temporarily sealing the entire file relating to this civil action. Compelling reasons exist to temporarily seal this case in its entirety because it is likely that if Defendants learn of the filing of this action before Daybreak obtains injunctive relief, Defendants will move, destroy, or conceal evidence of infringement and assets, thereby irreparably prejudicing Daybreak's ability to prosecute its claims and making it impossible for Daybreak to obtain redress for the damages caused by Defendants' illegal activities.

In support of its sealing request, Daybreak submits the following accompanying documents: (i) Memorandum of Points and Authorities, (ii) Summons and Complaint, (iii) *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction; Motion for Expedited Discovery; and Motion for Alternative Service, and (iv) all supporting documents filed therewithin.

Dated: June 10, 2025

Respectfully Submitted,

DENTONS US LLP

By: *Nicholas B. Janda*
Nicholas B. Janda
Monica B. Richman (*pro hac vice* pending)
Daniel A. Schnapp (*pro hac vice* pending)
Mary Kate Brennan (*pro hac vice* pending)

*Attorneys for Plaintiff*
DAYBREAK GAME COMPANY, LLC

NICHOLAS B. JANDA (SBN 253610)
nick.janda@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

MONICA B. RICHMAN (*pro hac vice* pending)
monica.richman@dentons.com
DANIEL A. SCHNAPP (*pro hac vice* pending)
daniel.schnapp@dentons.com
MARY KATE BRENNAN (*pro hac vice* pending)
marykate.brennan@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC, | Case No. |
| Plaintiff, | |
| v. | **PLAINTIFF DAYBREAK GAME COMPANY LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* MOTION TO FILE UNDER SEAL** |
| KRISTOPHER TAKAHASHI, ALEXANDER TAYLOR, and DOES 1-20, inclusive, | |
| Defendants. | |

## INTRODUCTION

Pursuant to Local Rule 83.3(g), Plaintiff Daybreak Game Company LLC ("Daybreak") respectfully submits this Memorandum of Points and Authorities in support of its request for an order to file all documents in support of this action temporarily under seal ("Sealing Motion") in light of Defendants' infringing actions necessitating the filing of Daybreak's *Ex Parte* Application For Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction; Motion For Expedited Discovery; and Motion For Alternative Service ("TRO Application"). In sum, if Defendants learn of Daybreak's TRO Application, they likely will destroy relevant documentary evidence and hide or transfer assets to foreign jurisdictions, which would frustrate the purpose of the underlying federal laws and interfere with this Court's power to grant relief if Daybreak ultimately prevails.

## FACTS

### I. Daybreak's Intellectual Property

As detailed in Daybreak's Complaint and TRO Application, Daybreak creates, operates, and promotes digital gaming content, including the subject EverQuest franchise. EverQuest is one of the most commercially successful and culturally influential massive multiplayer online role-playing games in gaming history. It was released in 1999 and has been remarkably successful over the past 25 years.

Daybreak owns the EverQuest legacy. This includes, *inter alia*, copyrights to the game's intricate code, distinctive artwork, memorable characters, rich storylines, and all other creative elements that make the fantasy world, Norrath, special, unique, and original, *e.g.*:

| Copyrighted Work | Reg. No. |
|---|---|
| EverQuest. | PA0000933147 |

| | | |
|---|---|---|
| 1 | EverQuest. | TX0004879520 |
| 2 | EverQuest. (map) | VA0001015154 |
| 3 | Everquest, the ruins of Kunark. | PA0001001701 |
| | EverqQuest : the scars of velious | PA0001077985 |
| 4 | EverQuest, shadows of Luclin. | PA0001084803 |
| 5 | EverQuest : Planes of Power. | PA0001245922 |
| 6 | EverQuest Planes of Power: Prima's official strategy guide | TX0005635557 |
| 7 | EverQuest: the ruins of Kunark/written by Brad McQuaid and Jim Lee | TX0005493741 |
| 8 | Everquest: transformation/writer, Devin Grayson; artist Philip S. Tan | TX0005593463 |
| 9 | EverQuest : Lost Dungeons of Norrath. | PA0001246135 |
| 10 | EverQuest online adventures. | PA0001245921 |
| 11 | EverQuest online adventures : Frontiers. | PA0001246134 |
| 12 | EverQuest : the legacy of Ykesha. | PA0001246139 |
| | EverQuest : Gates of Discord. | PA0001256065 |
| 13 | Omens of war. | PA0001256081 |
| 14 | EverQuest atlas : the maps of Myrist / compiled by Maelin Starpyre. | TX0006058975 |
| 15 | EverQuest role-playing game: player's handbook | TX0006052320 |
| 16 | Everquest : dragons of Norrath. | PA0001259127 |
| 17 | The Shadows of Luclin | VAU000529434 |
| | EverQuest: Rain of Fear (Client-Side Code 2013) | PA0002533309 |
| 18 | EverQuest Franchise Primer | TX0002490913 |
| 19 20 | Encyclopedia Norrathica – A complete and unabridged compilation of historical, geographical and theological writings of the world of EverQuest. | TX0002491692 |
| 21 | Norrathica - An edited compilation of historical, geographical and theological writings on the world | TX0002490919 |
| 22 23 | EverQuest: Rain of Fear *(Client-Side Code 2012)* | Case No. 1-14932664441 |
| 24 | EverQuest: Rain of Fear *(Server-Side Code 2012)* | Case No. 1-14932664459 |
| 25 | Cazic-Thule *(1999)* | Case No. 1-14932662144 |

Case No. _____
MOTION & MEMORANDUM
ISO MOTION TO SEAL

| | |
|---|---|
| Cazic-Thule *(2010)* | Case No. 1-14932585291 |
| Lord Nagafen *(1999)* | Case No. 1-14932585581 |
| Lord Nagafen *(2006)* | Case No. 1-14932585548 |
| Lady Vox *(1999)* | Case No. 1-14932572631 |
| Lady Vox *(2006)* | Case No. 1-14932572631 |
| Innoruuk | Case No. 1-14932585515 |

Daybreak also owns, *inter alia*, U.S. trademark registrations for its various EVERQUEST trademarks. Specifically, Daybreak owns the following U.S. trademark registrations:

| Trademark | U.S. Reg. No. | Goods & Services (Int'l Class) | First Use |
|---|---|---|---|
| EVERQUEST | 2520693 | Metal key chains and pewter figurines (006); Non-metal key chains and figurines made of plastic (020) | Nov. 1, 2000 |
| EVERQUEST | 2137911 | Computer and video game software (028) | June 16, 1997 |
| EVERQUEST | 2507594 | Operating a real time, role playing game for others over global and local area computer networks (041) | March 16, 1999 |
| EVERQUEST EVOLUTION | 2952622 | Computer game software and video game software (009); Operating a real time game for others over computer networks (041) | Aug. 18, 2003 |
| | 4026845 | Computer game software and | Feb. 22, |

6

Case No. _____
MOTION & MEMORANDUM
ISO MOTION TO SEAL

| | | | |
|---|---|---|---|
| EVERQUEST II DESTINY OF VELIOUS | | video game software; providing downloadable multiplayer, role playing, real time computer and video game software via an online website for entertainment purposes (009);<br><br>Entertainment services, namely, operating a multiplayer, role playing, real time game for others via the Internet and local area computer networks (041) | 2011 |
| EVERQUEST HOUSE OF THULE | 4026846 | Computer game software and video game software; providing downloadable multiplayer, role playing, real time computer and video game software via an online website for entertainment purposes (009);<br><br>Entertainment services, namely, operating a multiplayer, role playing, real time game for others via the Internet and local area computer networks (041) | Oct. 12, 2010 |
| EVERQUEST: THE RUINS OF KUNARK | 2562334 | Operating a real time, role playing game for others over global and local area computer networks (041) | April 24, 2000 |

To preserve the integrity of the EverQuest world and continue supporting its dedicated community, the authentic EverQuest experience remains accessible

exclusively through official channels, including Daybreak's subscription service and authorized game servers that ensure every player has a high quality experience.

## II. Defendants' Infringement of Daybreak's Intellectual Property

Defendants have engaged in systemic and deliberate copyright infringement of Daybreak's EverQuest by, *inter alia*, creating, operating, and promoting an unauthorized EverQuest emulator called "The Heroes' Journey" ("THJ"). With the development, distribution, and promotion of THJ, Defendants have implemented a reverse-engineered server-side EverQuest infrastructure and created an unauthorized access point to Norrath and a modified, derivative game experience that relies entirely on Daybreak's intellectual property. Defendants' conduct has caused and is continuing to cause irreparable harm to Daybreak by undermining the exclusivity of its intellectual property, diverting customers, and eroding consumer confidence in the authenticity of the EverQuest experience.

To this end, Defendants have altered critical Daybreak game files to redirect server communications from Daybreak's servers to unauthorized emulator servers that Defendants maintain. Defendants have also bypassed Daybreak's account authentication system. This involves replicating proprietary server-side code that belongs to and was developed by Daybreak to recreate Daybreak's copyrighted game world and experience. Defendants, *inter alia*, also made statements suggesting that Defendants' content was created through Defendants' independent efforts rather than through the unauthorized copying and taking of Daybreak's efforts and intellectual property, replacing certain splash screens and user interface elements while deliberately preserving others that contain Daybreak's copyrighted imagery and trademarks, modifying the main login screen to display Daybreak's branding and logos, altering loading screens that display Daybreak's copyright

notices, and implementing patches to bypass Daybreak's authentication systems and digital rights management protections.

Additionally, Defendants distribute infringing content extensively, even going so far as to post and maintain YouTube installation tutorial guides for downloading and modifying the legitimate EverQuest client to connect to Defendants' servers, garnering over 13,000 views to date. Furthermore, Defendants consistently and explicitly refer to Daybreak's EverQuest by name throughout their supporting THJ marketing materials for discussions on Discord and other forums. In sum, Defendants market their infringing THJ and related content as alternatives to the EverQuest experience.

Accordingly, Defendants are causing Daybreak's substantial and irreparable harm that must immediately be enjoined. This ongoing harm which threatens the viability of future development and investment in the franchise harm cannot be remedied by monetary damages alone. Moreover. Defendants must be held accountable for their actions. Therefore, Daybreak respectfully seeks the Court's assistance in addressing these serious issues, including temporarily sealing this case in its entirety at its outset.

## **LEGAL ARGUMENT**

Daybreak seeks leave to file all documents related to this infringement action under seal temporarily (*i.e.*, only at the outset of this litigation). The information Daybreak seeks to seal is filed in support of its TRO Application that requires certain showings of the likelihood of success on the merits. Thus, "compelling reasons" are required to seal this information. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 38, (Oct. 3, 2016) (where a motion is "more than tangentially related to the merits" of the

action, the sealing of confidential information is appropriate where there are "compelling reasons" to do so). Compelling reasons to seal are generally found where documents, if made part of the public record, "might . . . become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Kamakana*, 447 F.3d at 1179 ("compelling reasons" sufficient to outweigh the public's interest in disclosure and to justify sealing court records exist when such "court files might have become a vehicle for improper purposes").

Here, Daybreak respectfully requests that the Court seal this case in its entirety because it is necessary to prevent Defendants from learning of the proceedings prior to the service of and execution of any temporary restraining order. If Defendants learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying federal laws and would interfere with this Court's power to grant relief if Daybreak ultimately prevails. *See* Declaration of Nicholas B. Janda in Support of Motion to Seal, ¶ 2; *see also* Declaration of David Youssefi in Support of Motion to Seal, ¶ 4-5; *see also generally* TRO Application. This is a case where in all likelihood "notice to the defendant would render further prosecution fruitless." *See Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, LTD, No. 18-CV-823-JLS (JLB), 2018 WL 3413866, at *2 (S.D. Cal. May 10, 2018); *Cisco Systems v. Shenzhen Usource Tech. Co.*, Case No. 5:20-cv-04773-EJD, 2020 U.S. Dist. LEXIS 158008, 2020 WL 4196273, (N.D. Cal. Aug. 10, 2020) (granting *ex parte* relief). Significantly, Daybreak only seeks to seal this information only until shortly after the Court rules upon its contemporaneously filed TRO Application.

## CONCLUSION

In light of the foregoing, Daybreak respectfully requests that the Court grant its Sealing Motion in its entirety and any such other relief as the Court deems just and proper.

Dated: June 10, 2025          Respectfully Submitted,

DENTONS US LLP


By: *Nicholas B. Janda*
Nicholas B. Janda
Monica B. Richman (*pro hac vice* pending)
Daniel A. Schnapp (*pro hac vice* pending)
Mary Kate Brennan (*pro hac vice* pending)

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY, LLC*