| | |
|---|---|
| 1 | NICHOLAS B. JANDA (SBN 253610) |
|   | nick.janda@dentons.com |
| 2 | DENTONS US LLP |
|   | 601 South Figueroa Street, Suite 2500 |
| 3 | Los Angeles, California 90017-5704 |
|   | Telephone: (213) 623-9300 |
| 4 | Facsimile: (213) 623-9924 |
| 5 | MONICA B. RICHMAN (*pro hac vice* pending) |
|   | monica.richman@dentons.com |
| 6 | DANIEL A. SCHNAPP (*pro hac vice* pending) |
|   | daniel.schnapp@dentons.com |
| 7 | MARY KATE BRENNAN (*pro hac vice* pending) |
|   | marykate.brennan@dentons.com |
| 8 | DENTONS US LLP |
|   | 1221 Avenue of the Americas |
| 9 | New York, New York 10020-1089 |
|   | Telephone: (212) 768-6700 |
| 10 | Facsimile: (212) 768-6800 |

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC, | Case No. 25-cv-01489-BAS-BLM |
| Plaintiff, | **DECLARATION OF DAVID YOUSSEFI IN SUPPORT OF MOTION TO SEAL PORTIONS OF COMPLAINT, TRO APPLICATION, AND CHAN DECLARATION** |
| v. | |
| KRISTOPHER TAKAHASHI, ALEXANDER TAYLOR, and DOES 1-20, inclusive, | |
| Defendants. | Date:<br>Time:<br>Ctrm: |

1

Case No. 25-cv-01489-BAS-BLM
YOUSSEFI DECL. ISO EPA TO FILE
UNDER SEAL

I, David Youssefi, hereby declare as follows:

1. I am over 18 years of age and otherwise competent and qualified to testify on the statements contained herein if called upon to do so at a hearing or trial on this matter. I have personal knowledge of the matters contained herein and, to the best of my knowledge and belief, the averments contained herein are true and correct.

2. I am a Senior Vice President at and the General Counsel of Daybreak Game Company LLC ("Daybreak").

3. In connection with the above-captioned matter, Daybreak has an Application For Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction ("TRO Application"), which the concurrently filed Declaration of Jennifer Chan ("Chan Declaration") supports.

4. Both the TRO Application and Chan Declaration contain Confidential Information that must remain under seal. The Confidential information pertaining to user performance data includes monthly active user (MAU) decline percentages over an eighteen-month period, daily active user (DAU) statistics, and the result of a break even analysis. *See* TRO App. at 27; Chan Decl. ¶¶ 25, 26, 28.

5. In the ordinary course of business, Daybreak collects and analyzes detailed user engagement metrics for its games. These include MAU and DAU statistics, average session duration, and player retention rates at various intervals. This data is used by senior management to assess game health, inform product development, and make investment and staffing decisions.

6. In addition, Daybreak conducts internal financial and operational analyses to assess the long-term viability of its games. As part of that process, we periodically determine viability thresholds—such as the point at which continued operation of a title may require substantial staffing reductions or discontinuation of further investment.

7. The user metrics and viability planning outcomes that Daybreak seeks to seal in this case are not disclosed in any public forum, investor communication, or regulatory filing. They are maintained as confidential and are accessible only to a limited number of senior executives and strategic team members. Daybreak takes numerous steps to protect the confidentiality of this information, including:

- Limiting access to internal systems that store these metrics;
- Marking sensitive documents as "Confidential – Strategic Planning"; and
- Requiring nondisclosure agreements for employees, contractors, and external consultants who may come into contact with this information.

8. If this information were made public, it could cause material harm to Daybreak's business. Public disclosure of the user engagement metrics would reveal internal benchmarks that competitors could use to draw inferences about the company's performance trends and vulnerabilities. Likewise, disclosure of the projected viability threshold date would undermine Daybreak's ability to manage its product strategy confidentially and would risk misinterpretation by customers, investors, partners, employees, and the public.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct. Executed this 16th day of June, 2025, at San Diego, California.



David Youssefi