NICHOLAS B. JANDA (SBN 253610)
nick.janda@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

MONICA B. RICHMAN (*pro hac vice* pending)
monica.richman@dentons.com
DANIEL A. SCHNAPP (*pro hac vice* pending)
daniel.schnapp@dentons.com
MARY KATE BRENNAN (*pro hac vice* pending)
marykate.brennan@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY LLC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| DAYBREAK GAME COMPANY LLC, | Case No. 25-cv-01489-BAS-BLM |
|---|---|
| Plaintiff, | ***EX PARTE* APPLICATION FOR EMERGENCY ORDER TO REMOVE CONFIDENTIAL INFORMATION AND REFILE REDACTED VERSIONS** |
| v. | |
| KRISTOPHER TAKAHASHI, *et al.*, | |
| Defendants. | Date:<br>Time:<br>Ctrm: |

Pursuant to Local Rule 83.3(g), Plaintiff Daybreak Gaming Company LLC ("Daybreak") seeks emergency relief to remove confidential information from public access and for leave to refile redacted versions, and submits the following in support thereof:

## I. NOTICE

This *ex parte* application seeks emergency relief to address the inadvertent public disclosure of confidential business information following this Court's June 14, 2025 Order on Plaintiff's previous *ex parte* motion to seal (ECF No. 4). The urgency of this application stems from the immediate and ongoing harm caused by the public accessibility of highly sensitive proprietary user metrics and financial analysis results through the federal court's publicly accessible PACER system. Plaintiff respectfully submits that the nature of this emergency, involving confidential information that becomes more harmful with each moment it remains publicly accessible, justifies *ex parte* consideration.

## II. PROCEDURAL BACKGROUND

On June 10, 2025, Plaintiff filed an *ex parte* motion seeking to file the entire case under seal, including the Complaint, TRO Application, and supporting declarations. On June 14, 2025, the Court issued an order which, *inter alia*, denied Plaintiff's request to file the entire action under seal.

Today, June 16, 2025, the Clerk's Office uploaded all documents previously filed *ex parte* to PACER without any redactions or sealing. Yet, specific portions of the following two documents contain highly sensitive and confidential information (*e.g.*, proprietary user metrics and the results of detailed financial analysis) and are now publicly accessible through the federal court's electronic filing system: (i) Memorandum of Points and Authorities in Support of the *Ex Parte* TRO Application (ECF No. 5) and (ii) declaration of Jennifer Chan in support of the TRO Application (ECF No. 1-11).

### III. STATEMENT OF FACTS

Plaintiff has prepared properly redacted versions of the affected portions and is ready to file them immediately upon this Court's authorization. *See* Declaration of Nick Janda in support of this Ex Parte Motion ("Janda ExP Decl."). Plaintiff is concurrently filing a Motion to Seal seeking to seal only the specific portions of the TRO brief and certain paragraphs of the Chan declaration that contain the aforementioned confidential user metrics and financial analysis results. The Motion to Seal sets forth the detailed legal and factual basis demonstrating why this information qualifies for protection from public disclosure.

### IV. ARGUMENT

Local Rule 83.3(g) states:

> A motion for an order must not be made *ex parte* unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; *or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney*.

*Id*. (Emphasis added.)

Here, the inadvertent public disclosure of confidential business information creates immediate and irreparable harm. Every moment these unredacted documents remain publicly accessible increases the potential for misuse of the sensitive proprietary information contained therein. Plaintiff is not seeking to circumvent this Court's prior ruling or to seal information beyond what is necessary to protect legitimate confidential business information. Rather, it respectfully seeks to remedy an unintended consequence of the re-filing process that has resulted in specific confidential data being publicly disclosed.

The emergency nature of this situation requires immediate judicial intervention to prevent further dissemination of confidential information that was

never intended to be publicly disclosed and to allow Plaintiff to comply with this Court's June 14, 2025 Order.

### V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully and urgently requests that this Court:

1. Immediately order the Clerk's Office to remove the unredacted documents (ECF Nos. 1-11 and 5) from public access on PACER; and

2. Direct that the specific portions containing confidential information be temporarily sealed pending Plaintiff's submission of properly redacted versions.

### VII. CONCLUSION

Plaintiff respectfully submits that this situation requires the Court's immediate attention to prevent further dissemination of confidential information. Plaintiff has prepared compliant redacted versions and is ready to implement the solution immediately upon this Court's authorization.

Dated: June 16, 2025                                    Respectfully Submitted,

DENTONS US LLP


By: *Nicholas B. Janda*
Nicholas B. Janda
Monica B. Richman (*pro hac vice* pending)
Daniel A. Schnapp (*pro hac vice* pending)
Mary Kate Brennan (*pro hac vice* pending)

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY, LLC*