NICHOLAS B. JANDA (SBN 253610)
nick.janda@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

MONICA B. RICHMAN (*pro hac vice* pending)
monica.richman@dentons.com
DANIEL A. SCHNAPP (*pro hac vice* pending)
daniel.schnapp@dentons.com
MARY KATE BRENNAN (*pro hac vice* pending)
marykate.brennan@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Plaintiff*
DAYBREAK GAME COMPANY LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br>v.<br>KRISTOPHER TAKAHASHI, *et al.*,<br><br>Defendants. | **Case No. 3:25-cv-01489-BAS-BLM**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION TO ADVANCE HEARING DATE OF ITS AMENDED TRO APPLICATION**<br><br>Date: _____<br>Time: _____<br>Ctrm.: _____<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

Pursuant to Local Rule 7.1(b) and 7.1(e), Plaintiff Daybreak Gaming Company LLC ("Daybreak") files this *Ex Parte* Application to advance the hearing date of its Amended Motion for a Temporary Restraining Order and Order to Show Cause re:

1

Case No. 25-cv-01489-BAS-BLM
Points and Authorities in Support of *Ex Parte*
to Advance Hearing Date on Amended TRO

Preliminary Injunction ("Amended TRO Application") (Dkt. No. 10) from July 18, 2025 to June 20, 2025, or another earlier date that is convenient for the Court.

As set forth in the Amended TRO Application, Daybreak respectfully submits that a hearing on its requested injunctive relief is urgent because Defendants have announced plans to release a major update to the infringing THJ emulator (defined below) as early as **Friday, June 20, 2025**, which will substantially escalate their infringing activities and cause exponentially greater harm to Daybreak.

I.   **Background**

Daybreak has owned and operated EverQuest, the online role-playing game, for twenty-five (25) years. *See* Dkt. No. 10 at 6, 8. Defendants operate "The Heroes' Journey" (THJ), an unauthorized emulator of EverQuest that systematically infringes Daybreak's intellectual property by copying its artwork, characters, storylines, and other creative elements. As demonstrated by the below example side-by-side comparison, Defendants' copying does not constitute mere similarity but wholesale misappropriation:

| EverQuest | THJ |
|---|---|
| [Race selection screen] | [Race selection screen] |

Defendants' blatant and slavish copying continues every day, causing ongoing and escalating harm to Daybreak's business and intellectual property.

2

Case No. 25-cv-01489-BAS-BLM
Points and Authorities in Support of *Ex Parte*
to Advance Hearing Date on Amended TRO

      Daybreak filed its Amended TRO Application and Motion to Seal on June 16, 2025. Currently, Daybreak is in the process of serving Defendants with the Summonses, Complaint, Amended TRO Application, and supporting documents. Plaintiff anticipates that service will be effected on or about June 18, 2025. Based on the Court's availability and Section 4(B) of Your Honor's Standing Order for Civil Cases, the earliest available hearing date is July 18, 2025. *See* 6/17/25 Declaration of Nicholas B. Janda ("6.17.25 Janda Decl."), ¶ 2.

## II.    Legal Standard

      District courts have inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases. *AKHA, LLC v. Pac-Dent, Inc.*, No. 8:24-CV-00078-MRA-DRM, 2024 WL 3458019, at *1 (C.D. Cal. June 26, 2024) (citing *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("District Courts have inherent authority to manage their dockets and courtrooms with a view towards the efficient and expedient resolution of cases"); *see also WeRide Corp. v. Kun Huang*, 2019 WL 3555343, at *2 (N.D. Cal. Aug. 5, 2019) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District Courts have inherent power to control their dockets"). This authority exists precisely to address situations where ordinary scheduling would defeat the purpose of the requests relief. *Samick Music Corp. v. Gordon*, 2020 WL 3210613, at *4 (C.D. Cal. Mar. 26, 2020) (*ex parte* applications seeking emergency relief are granted where movant will be irreparably prejudiced if underlying motion is heard according to regularly noticed motion procedures).

      Local Rule 7.1(e.)(1) provides, in relevant part: "Unless the Court shortens time and except as otherwise specified in Civil Local Rule 7.1.(e.)(6), any motion, application or *notice* of other matter requiring the Court's ruling, plus all necessary supporting documents, will require a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed." *Id*. Local Rule 7.1(e.)(5) also allows for *ex parte* applications for advanced hearing: "[a]ll applications for orders

3    Case No. 25-cv-01489-BAS-BLM
Points and Authorities in Support of *Ex Parte*
to Advance Hearing Date on Amended TRO

shortening time under these rules must be submitted *ex parte*, be accompanied by a proposed order, and be served on all opposing parties." *Id*.

Further, the nature of a temporary restraining order proceedings necessitates expedited consideration. TROs are specifically designed to provide immediate relief in emergency situations where irreparable harm is imminent. *See* Fed. R. Civ. P. 65(b). When circumstances create genuine urgency, extended scheduling delays can undermine the effectiveness of emergency relief. *See Samick Music Corp*., 2020 WL 3210613, at *4, 12 (finding *ex parte* application proper for a crisis and granting *Ex Parte* Application for Issuance of Temporary Restraining Order).

### III. Good Cause Exists to Advance Hearing

#### a. Threat of Further and Irreparable Harm - Defendants' Plan to Release an Update of THJ on June 20, 2025

Defendants announced a major THJ update for June 20, 2025—just three days away. *See* Dkt. No. 10 at 10, 20-21. This is not a routine patch or a minor enhancement. Defendants have publicly promoted this as a major content release that will significantly expand THJ's functionality. *See id*.; *see also* 6.17.25 Janda Decl., ¶ 3. If not enjoined, Defendants' update to THJ will significantly escalate Defendants' infringing activities and cause increased harm to Daybreak. Specifically, Defendants' major update will: (i) attract additional users to the THJ platform; (ii) further establish THJ's presence in the marketplace; and (iii) cause additional irreparable harm to Daybreak, including to, *inter alia*, its customer base and intellectual property.

Each day that THJ operates without restraint allows Defendants to further develop their user base and causes ongoing competitive harm to Daybreak that cannot be remedied by monetary means. Due to the complexity of the gaming ecosystem and the negative network effect inherent to user base attrition, it is impossible to precisely quantify the full financial impact, rendering monetary damages an inadequate remedy. Waiting until July 18, 2025 for a hearing on the

Amended TRO Application means the June 20, 2025 update will have operated for nearly a month, entrenching the harm. The urgency is underscored by the blatant copying shown above. *See also* Dkt. No. 10 at 6-7.

### b. Good Cause Exists for Emergency Relief

Courts in the Ninth Circuit have granted advanced hearings in similar situations, or, in the alternative, have granted motions for preliminary injunctions. *See*, *e.g.*, *UARCO Inc. v. Lam*, 18 F. Supp. 2d 1116, 1119, 1127 (D. Haw. 1998) (granting motion for preliminary injunction after plaintiff filed motion for temporary restraining order, or in the alternative, to advance hearing on motion for preliminary injunction); *WeRide Corp.*, 2019 WL 3555343, at *2 (finding plaintiff has shown good cause that the hearing on preliminary injunction order should be advanced); *Samick Music Corp.*, 2020 WL 3210613, at *4, 12 (granting *Ex Parte* Application for Issuance of Temporary Restraining Order where non-moving party created crisis that required *ex parte* relief). For the reasons set forth above and in the Amended TRO Application, good cause exists here to advance the hearing date.

### IV. Conclusion

For the reasons set forth above, Daybreak respectfully requests the Court advance the hearing date from July 18, 2025 to June 20, 2025, or another earlier date that is convenient for the Court, and any other relief the Court deems just and proper.

Dated: June 17, 2025

Respectfully Submitted,

DENTONS US LLP

By: *Nicholas B. Janda*
Nicholas B. Janda
Monica B. Richman (*pro hac vice* pending)
Daniel A. Schnapp (*pro hac vice* pending)
Mary Kate Brennan (*pro hac vice* pending)

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY, LLC*