**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br><br>KRISTOPHER TAKAHASHI, *et al.*,<br><br>Defendant. | Case No. 25-cv-01489-BAS-BLM<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S EX PARTE MOTION TO SEAL (ECF No. 9); AND**<br>**(2) GRANTING PLAINTIFF'S EX PARTE MOTION FOR EMERGENCY RELIEF (ECF No. 11)** |

Presently before the Court is Plaintiff Daybreak Game Company LLC's ("Daybreak") second *Ex Parte* Motion to Seal (ECF No. 9) and *Ex Parte* Motion for Emergency Relief to Remove Confidential Information and Refile Redacted Documents (ECF No. 11). On June 10, 2025, Daybreak submitted this action and filed the Complaint, along with the following documents under seal: (1) an *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction, a Motion for Expedited Discovery, and a Motion for Alternative Service (collectively, the "TRO Application"); (2) an *Ex Parte* Motion for Leave to Exceed Page Limits; and (3) a Motion to Seal. (ECF No. 1.)

- 1 -

|   |   |
|---|---|
| 1 | On June 14, 2025, the Court issued an order denying the TRO Application and the |
| 2 | Motion to Seal and directing Daybreak to refile the initial submissions on the public docket. |
| 3 | (ECF No. 14.) On June 16, 2025, the subject filings were inadvertently filed on the public |
| 4 | docket. The Court promptly restricted public access to the documents to mitigate any |
| 5 | potential disclosure of confidential information, and Daybreak thereafter filed the present |
| 6 | motions. (ECF Nos. 9, 11.) |
| 7 | Having reviewed the motions and supporting documentation, the Court **GRANTS** |
| 8 | Daybreak's *Ex Parte* Motion to Seal. (ECF No. 9.) Daybreak seeks to redact internal data, |
| 9 | including engagement metrics—such as monthly and daily active user statistics—and |
| 10 | internal financial analyses. (ECF No. 9-1 at 4:4–6, 15–16.) Daybreak contends that, *inter* |
| 11 | *alia*, disclosure of this information would impair its ability to manage communications |
| 12 | with investors, partners, and users concerning the future of EverQuest. (ECF No. 9-1 at |
| 13 | 6:7–10.) As discussed in the Court's June 14, 2025 Order, such a request is subject to the |
| 14 | "compelling reasons" standard, as it pertains to a motion that is more than tangentially |
| 15 | related to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d |
| 16 | 1092, 1096–98 (9th Cir. 2016). |
| 17 | In this instance, the Court finds that Daybreak has presented compelling, factually |
| 18 | supported reasons for sealing, and that public disclosure of the identified information could |
| 19 | harm its competitive standing. Moreover, the proposed redactions are narrowly tailored. |
| 20 | Accordingly, the following portions of Daybreak's Memorandum of Points and Authorities |
| 21 | in Support of its TRO Application ("Daybreak's Memorandum") (ECF No. 5), as well as |
| 22 | the Declaration of Jennifer Chan ("Chan Declaration") (ECF No. 1-11) submitted in |
| 23 | support thereof, shall remain **UNDER SEAL**: |
| 24 | a) the specific references to precise figures in Daybreak's Memorandum on |
| 25 |    page 26, lines 25 and 26, and on page 27, lines 1, 3, and 9, as well as the |
| 26 |    referenced date on line 12 of page 27; and |
| 27 | b) the specific references to precise figures in the Chan Declaration at |
| 28 |    Paragraphs 25 and 26, as well as the date referenced in Paragraph 28. |

Furthermore, the Court **GRANTS** Daybreak's *Ex Parte* Application for Emergency Relief. (ECF No. 11.) Accordingly, the Court **DIRECTS** the Clerk of Court to remove from the public docket the unredacted versions of Daybreak's Memorandum (ECF No. 5) and the Chan Declaration (ECF No. 1-11), and to lodge them under seal. The Clerk is further **DIRECTED** to restore public access to the docket, with the exception of the documents ordered to be lodged under seal.

Additionally, the Court **ORDERS** Plaintiff to file the redacted versions of ECF No. 5 and ECF No. 1-11 as soon as practicable, and no later than **June 23, 2025**.

**IT IS SO ORDERED.**

**DATED: June 18, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court