1

MORGAN, LEWIS & BOCKIUS LLP
Benjamin B. Anger, Bar No. 269145
ben.anger@morganlewis.com
600 Anton Boulevard
Suite 1800
Costa Mesa, CA  92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700

MORGAN, LEWIS & BOCKIUS LLP
Joshua M. Dalton (*pro hac vice pending*)
Josh.dalton@morganlewis.com
One Federal Street
Boston, MA 02110-1726
Tel:   +1.617.341.7700
Fax:   +1.617.341.7701

Attorneys for Defendants,
Kristopher Takahashi and Alexander Taylor

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

13

SOUTHERN DISTRICT OF CALIFORNIA

14

15

DAYBREAK GAME COMPANY LLC

Plaintiff,

16

17

vs.

18

KRISTOPHER TAKAHASHI;
ALEXANDER TAYLOR; Does 1-20,
Inclusive

19

20

Defendants.

21

Case No. 25CV01489-BAS-BLM

**OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO ADVANCE HEARING DATE OF ITS AMENDED TRO APPLICATION**

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB3/ 205099413.4

OPPOSITION TO PLAINTIFF'S *EX PARTE*
APPLICATION TO ADVANCE HEARING DATE
OF ITS AMENDED TRO APPLICATION
25CV01489-BAS-BLM

Defendants[1] will explain in due course the fundamental flaws in Plaintiff's case-in-chief, including the lack of urgency that Plaintiff has demonstrated for months—and, frankly, for decades. For now, Defendants' focus is opposing Plaintiff's *Ex Parte* Motion to Shorten Time to Hear Amended TRO Application [ECF 13-1] (the "Motion"). The entire premise of the Motion was that the hearing date needed to be moved up because Defendants were releasing a patch—a "major upgrade"—to The Heroes' Journey. In spite of having since been informed by counsel for Defendants that **Defendants have agreed to suspend the patch** as a sign of good faith and to preserve the status quo, Plaintiff has refused to withdraw the Motion. The Motion should therefore be denied.

The Court already denied Plaintiff's application for an *ex parte* temporary restraining order. Nevertheless, Plaintiff sought to effectively eliminate Defendants' ability to oppose Plaintiff's renewed TRO motion by moving to hold the hearing on June 20, 2025, two weeks before the opposition due date and just two days after Defendants were finally made aware of the existence of this litigation when served on Wednesday, June 18, 2025. Plaintiff's only justification for the Motion was as follows:

> Daybreak respectfully submits that a hearing on its requested injunctive relief is urgent because Defendants have announced plans to release a major update to the infringing THJ emulator (defined below) as early as **Friday, June 20, 2025**, which will substantially escalate their infringing activities and cause exponentially greater harm to Daybreak.

ECF 13-1 at 2 (emphasis in original). But the **next day**, just hours after Defendants were served, Defendants' counsel notified Plaintiff that Defendants had agreed to

---

[1] The company that operates The Heroes's Journey, and the proper defendant in this matter, is Another Quest LLC. Plaintiff has instead improperly named the company's two members, Mr. Takahashi and Mr. Taylor, as defendants in this lawsuit. Defendants have not agreed to jurisdiction in the Court, and Morgan Lewis appears to address the emergency motion to advance the hearing date [ECF 13] filed on June 17, 2025 without waiving any rights or defenses.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB3/ 205099413.4

2

OPPOSITION TO PLAINTIFF'S *EX PARTE*
APPLICATION TO ADVANCE HEARING DATE
OF ITS AMENDED TRO APPLICATION
25CV01489-BAS-BLM

suspend the update patch, negating Plaintiff's stated basis for the Motion:

> We have just been retained by Another Quest LLC, the company behind The Heroes' Journey (and of which Mr. Takahashi and Mr. Taylor are the sole members). Please be advised that **Another Quest is hereby suspending the release of the June 20 patch to allow us to discuss this matter**. They will also agree, as any normal defendant would, to preserve evidence, and not to divest any assets other than in connection with ordinary business expenses. There are no other defendants responsible for The Heroes' Journey, so the expedited discovery designed to locate them is unnecessary.
>
> With these points in mind, we would ask that you withdraw the pending TRO, or at a minimum inform the Court immediately of the fundamental change in facts from those presented in your papers.

Dalton Dec., ¶ 2, Ex. A (emphasis in original). This was reiterated to counsel for Plaintiff in a telephone conference and additional emails on Friday and Saturday, June 20 and 21. The delay of the patch has also been publicly announced on The Heroes' Journey website. Specifically, before Defendants were made aware of the lawsuit, the website reflected that an update was occurring at 7 p.m. CST on June 20, 2025:



*Id.* at ¶ 4. After being made aware of the lawsuit, and making the decision to pause the release as a sign of good faith, the website was changed:



*Id.* at ¶ 5. Indeed, Another Quest took this action expressly to *maintain* the status

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB3/ 205099413.4

3

OPPOSITION TO PLAINTIFF'S *EX PARTE*
APPLICATION TO ADVANCE HEARING
DATE OF ITS AMENDED TRO APPLICATION
25CV01489-BAS-BLM

1   quo and permit the parties to discuss a possible resolution of the underlying

2   complaint. *Id.* at ¶ 6.

3        Counsel for Defendants made one final attempt to confirm that the Motion was

4   no longer needed on Sunday, June 22, in an email to counsel for Plaintiff, which said

5   in part:

6

7   > Just to be very clear, **Another Quest is agreeing not to release the
   > patch at least until there can be a hearing on a <u>preliminary</u>
   > <u>injunction</u>** unless agreed to by the parties or permitted by the Court
   > before then.  In short, this entirely eliminates any threat that the patch
   > will be released before even a hearing on the TRO, which I understand
   > was a concern when Plaintiff filed the motion to advance the hearing
   > date at ECF 13.  We are willing to include that in a stipulation to the
   > Court, either as part of Plaintiff withdrawing ECF 13, or otherwise.

8

9

10

11

12

13   *Id.* at ¶ 7, Ex. B (emphasis in original).  As of the filing of this brief, Plaintiff has not

14   withdrawn the Motion.

15        As this Court noted in denying Plaintiff's *Ex Parte* Application for a

16   Temporary Restraining Order, "our entire jurisprudence runs counter to the notion of

17   a court action taken before reasonable notice and opportunity to be heard has been

18   granted both sides of a dispute." ECF 14 at 7 (citing *Granny Goose Foods, Inc. v.*

19   *Bhd. Of Teamsers & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974)).  Defendants

20   are entitled to present evidence and argument in response to Plaintiff's request for

21   extraordinary relief, and to be afforded a reasonable period in which to prepare that

22   response.

23        The sole stated exigency Plaintiff cited in its attempt to effectively deny

24   Defendants an opportunity to respond to its motion for TRO by advancing the hearing

25   date has been removed.  Plaintiff should have withdrawn the Motion, and having

26   failed to do so, the Motion should be denied.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB3/ 205099413.4

4

1

2    Dated:        June 23, 2025              MORGAN, LEWIS & BOCKIUS LLP

3

4                                            By /s/ *Benjamin B. Anger*
                                                Benjamin B. Anger
5                                               Joshua M. Dalton
                                                Attorney for Defendants,
6                                               Kristopher Takahasi and Alexander
                                                Taylor
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

5

OPPOSITION TO PLAINTIFF'S *EX PARTE*
APPLICATION TO ADVANCE HEARING
DATE OF ITS AMENDED TRO APPLICATION
25CV01489-BAS-BLM

DB3/ 205099413.4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day June 2025, a copy of the foregoing was filed electronically and served upon all counsel of record via operations of the Court's CM/ECF Systems or by mail upon anyone who unable to accept electronic filing.  Parties may access the filing through the Court's CM/ECF System.

Executed on June 23, 2025, at Costa Mesa, California.

_____
Vanessa Green

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

6

DB3/ 205099413.4

OPPOSITION TO PLAINTIFF'S *EX PARTE*
APPLICATION TO ADVANCE HEARING
DATE OF ITS AMENDED TRO APPLICATION
25CV01489-BAS-BLM