BENJAMIN B. ANGER, SBN 269145
  ben.anger@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard
Costa Mesa, CA 92626
T: (714) 830-0600 / F: (714) 830-0700

JOSHUA M. DALTON (*pro hac vice*)
  josh.dalton@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
T: (617) 341-7700 / F: (617) 341-7701

*Counsel for Defendants*
*Kristopher Takahashi and Alexander Taylor*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTOPHER TAKAHASHI; ALEXANDER TAYLOR; Does 1-20, Inclusive<br><br>Defendants. | Case No. 3:25-CV-01489<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF THEIR OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION FOR PRELIMINARY INJUNCTION**<br><br>*[Filed concurrently with Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction]* |

## I. INTRODUCTION

Defendants Kristopher Takahashi and Alexander Taylor, through their undersigned counsel, hereby respectfully move pursuant to Civil Local Rule 79.2 and Section II.j of the ECF Administrative Policies and Procedures for leave to file under seal the following documents in support of Defendants' Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction:

| Documents | Portion to be Sealed | Reason for Sealing |
|---|---|---|
| Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction | Excerpts | Daybreak's Confidential Information |
| Declaration of Chris Miles | Excerpts | Personal Identifying Information of non-parties to the litigation |
| Exhibit 14 | Excerpts | Personal Identifying Information of non-parties to the litigation |

A redacted public version of Defendants' Opposition will be filed concurrently herewith. In addition, an unredacted, confidential version of Defendants' Opposition will be delivered to chambers and served on Plaintiff's counsel.

This Motion is supported by the Declaration of Benjamin B. Anger ("Anger Decl."), filed concurrently herewith.

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, the public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Every Court has supervisory power over its own records and files," and may provide access to documents at its discretion. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing Nixon, 435 U.S. at 598).

Requests to seal documents relating to motions for a temporary restraining order or a preliminary injunction have been governed by the "compelling reasons" test, although the motions are not dispositive. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-1102 (9th Cir. 2016) (vacating and remanding for the district court to consider the documents under the compelling reasons standard because "the preliminary injunction motion here was more than tangentially related to the merits of the case"). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1102 (9th Cir. 2016) (quoting Nixon, 435 U.S. at 599). "Examples include when a court record might be used … 'as sources of business information that might harm a litigant's competitive standing.'" *Id*. (quoting *Nixon*, 435 U.S. at 598-99)

### III.   ARGUMENT

Defendants seek to seal (1) limited portions of Defendants' Opposition that characterize and discuss materials that Plaintiff has provisionally filed under seal, *see* ECF No. 39, and (2) limited portions of the Declaration of Chris Miles and Exhibit 14, which contain personally identifying information. There is good cause for filing these documents under seal.

Defendants seek to seal portions of Defendants' Opposition that quote from, characterize, or otherwise explicitly reference materials identified by Daybreak as containing confidential business information, and for which Defendants do not have the authority to de-designate the information pursuant to the Protective Order. *See* ECF No. 39; Anger Decl. ¶ 3. Daybreak requested to file these documents under seal, though Defendants took no position as to whether and to what extent (if any) each of these documents should be sealed. The Court has not issued a ruling on Plaintiff's Motion to Seal. Anger Decl. ¶ 3. Thus, Defendants intend to maintain the confidentiality of this information and seek to file under seal portions of their Opposition, Declarations, and Exhibits that discuss information that Daybreak has filed provisionally under seal.

The Declaration of Chris Miles and Exhibit 14 both contain personal identifying information of non-parties to this litigation. Defendants seek to redact a single portion of the Declaration of Chris Miles, which contains non-public and personally identifiable information. Exhibit 14 is a statement of support received by a THJ player. Defendants seek only to redact the name of the player and certain confidential personal identifying information conveyed in the message. Anger Decl. ¶ 4. Courts routinely allow such personal identifying information to be redacted, especially when the redactions are narrowly tailored. *See Benedict v. Hewlett-Packard Co.*, 2016 WL 3568922, at *4 (N.D. Cal. July 1, 2016) (allowing redaction of "information identifying HP's customers" due to the "confidential and private" nature of the information); *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) (allowing redactions of sensitive, personal identifying information of non-parties to the litigation).

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant leave to file under seal the materials discussed above.

Dated: July 30, 2025            Respectfully submitted,

By: */s/ Benjamin B. Anger*
Benjamin B. Anger, SBN 269145
**MORGAN, LEWIS & BOCKIUS LLP**
600 Anton Boulevard
Costa Mesa, CA 92626
Telephone: (714) 830-0441
ben.anger@morganlewis.com

Joshua M. Dalton (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
joshua.dalton@morganlewis.com

*Attorneys for Defendants
Kristopher Takahashi and Alexander Taylor*