BENJAMIN B. ANGER, SBN 269145
   ben.anger@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard
Costa Mesa, CA 92626
T: (714) 830-0600 / F: (714) 830-0700

JOSHUA M. DALTON (*pro hac vice*)
   josh.dalton@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
T: (617) 341-7700 / F: (617) 341-7701

*Counsel for Defendants Kristopher Takahashi and Alexander Taylor*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KRISTOPHER TAKAHASHI; ALEXANDER TAYLOR; and Does 1-20, Inclusive,<br><br>　　　　　Defendants. | CASE NO. 3:25-CV-01489<br><br>**EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN CONNECTION WITH PLAINTIFF'S SUPPLEMENTAL MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: August 12, 2025<br>Time: 10:30 am<br>Place: Courtroom 12b 12th Floor<br>Judge: Hon. Cynthia Bashant |

## I. INTRODUCTION

Pursuant to the Court's Civil Standing Order, Paragraphs 4(F) and 6, Defendants Kristopher Takahashi and Alexander Taylor respectfully apply to the Court for leave to file the attached two page supplemental declaration, annexed hereto as Exhibit A. The declaration and exhibits are necessary (a) to address matters that were submitted for the first time in Daybreak's Reply (Dkt No. 53) and (b) to provide additional information that came into existence only after defendants filed their Opposition on July 30, 2025 (Dkt No. 50). Plaintiffs oppose the relief sought herein. Accordingly, Defendants respectfully submit that a short two page, seven-paragraph response is warranted to ensure the Court has the benefit of Defendants' arguments that respond to Daybreak's newly articulated position and new evidence that has come to light since the filing of Defendants' Opposition.

## II. STANDARD

When a party raises an issue for the first time on reply, Courts have discretion to allow the opposing party the opportunity to submit a sur-reply. *See Sherman v. Yahoo! Inc.*, 2015 WL 5604400, at *3 (S.D. Cal. Sept. 23, 2015) ("A court admitting arguments submitted for the first time in a reply brief should protect the non-moving party against unfair surprises by allowing it an opportunity to respond.") (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *United States v. Venture One Mortg. Corp.*, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) ("If the Court is to consider the new evidence and arguments in [the] reply brief, it must give [the non-moving party] an opportunity to respond."); *Kohler v. Islands Restaurants, LP*, 2012 WL 12864328, at *5 (S.D. Cal. July 2, 2012) (noting that the court previously granted "leave to file a sur-reply" because it was "[c]oncnered with [the moving party's] attempts to proffer new evidence in its reply brief"); *Lewis v. Gotham Ins. Co.*, 2009 WL 3698028, at *1-2 (S.D. Cal. Nov. 5, 2009) (granting leave to file sur-reply in response to new evidence).

Defendants' Ex Parte Application to File Supp. Decl.   No. 3:25-CV-01489

2

### III.   ARGUMENT

Here, Plaintiff raised a new theory regarding its awareness of THJ and submitted new evidence in support of its claim that THJ operates differently than other emulators for the first time in their reply. Given the existential threat genuinely caused by Daybreak's requested injunction, Defendants should have the opportunity to provide a response and ensure the Court has as much information as possible in considering the request.

**A.   Daybreak Knew of THJ In Dec. 2024, But No Later Than Feb. 2025**

In its Motion, Plaintiff submitted a Declaration from Nicolas Janda, which stated, "[o]n December 12, 2024, my client received in Daybreak's Privacy Officer mailbox an email with the subject line 'Everquest private server making $20k/mo.'" Supp. Janda Decl. ¶ 15. Based on this declaration, Defendants argued that "the absolute latest that it learned of THJ is in December 2024." Opp. at 18. In Plaintiff's reply, Plaintiff now suggests that "on March 22, 2025, Russ Bullock at Piranha Games, a sister game studio to Daybreak, informed our team about THJ's server operation." Reply Chan Decl. ¶ 3.

While Plaintiff's delay forecloses it request for preliminary injunctive relief, whether it was from December 2024 or even from March 2025 until it filed this lawsuit, *see* Opp. at 18-19, Defendants have evidence that Daybreak knew of THJ at latest in February 2025, which cast doubt on the new statements and information set forth in Chan's Reply Declaration. *See* Supp. Karlsson Decl. ¶ 7 (showing conversation dated Feb. 19, 2025 in which owner of Project Quarm notes, "[Daybreak is] well aware about THJ and Quarm" and "Daybreak consider[s] them perfect advertisement vectors for live [EQ] and [EQ] TLP, since there's a lot of lapsed players rediscovering the official game thru us.").

In addition, Daybreak suggests in its reply that THJ is monetizing its game in ways that have not been done before, Reply Chan Decl. ¶¶ 11-15, and that Defendants "cannot identify a single revenue generating emulator authorized by Daybreak." Reply

p. 5. Defendants, therefore, offer a Supplemental Declaration to show that these statements are false. *See* Supp. Karlsson Decl. ¶¶ 44-45.

### B.  Financials Show Significant Decline in MMORPG Market Overall

Since Defendants filed their Opposition on July 31, 2025, more MMORPG companies have released additional financial reports for Q1 2025 that suggest a broader slowdown in the sector. Specifically, Square Enix's financial statement for Q1 2025, which was released on August 8, 2025, shows that "its MMO sales and profits decreased approximately 23% from the prior fiscal year when comparing Q1 2024 to Q1 2025, further suggesting changes in the MMO sector as a whole." *See* Supp. Karlsson Decl. ¶ 6. That other MMORPGs have lost significant revenue in this same period reinforce that there are alternate causes to Daybreak's claimed losses.

### C.  Daybreak Losses Caused By a New Player Ban

Since Defendants filed their Opposition on July 30, 2025, Daybreak has yet again instituted another ban and suspension of thousands of player accounts. On or around August 4, 2025, Daybreak initiated another large ban and suspension of EQ players. *See* Supp. Karlsson Decl. ¶ 4.

### IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully requests the Court allow Defendants to file two-page Supplemental Declaration of Zachary Karlsson and attendant exhibits in opposition to Plaintiff's Supplemental Motion for Preliminary Injunction.[1]

---

[1] If the Court is not inclined to grant Defendants' motion for leave to file a supplemental declaration, the Chan Supplemental Declaration and the attached exhibits should be stricken. At the very least, Defendants should be given an opportunity to respond to the new evidence and exhibits. Rule 6(c)(2) requires that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). This rule "appli[es] to motions for preliminary injunctions." *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 358 (5th Cir. 1971) (reversing entry of preliminary injunction that relied on late affidavits since defendants were not given "adequate opportunity to prepare and present a factual showing controverting that of the plaintiffs"). The rule that parties may not introduce new evidence on reply is well-established and clear in this

Dated: August 11, 2025           Respectfully submitted,

By: */s/ Joshua M. Dalton*
Benjamin B. Anger, SBN 269145
**MORGAN, LEWIS & BOCKIUS LLP**
600 Anton Boulevard
Costa Mesa, CA  92626
Telephone: (714) 830-0441
ben.anger@morganlewis.com

Joshua M. Dalton (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
josh.dalton@morganlewis.com

*Attorneys for Defendants Kristopher Takahashi and Alexander Taylor*

---

Circuit. *See, e.g., Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking statistics presented for first time in reply brief as "improper"); *Nucci v. Rite Aid Corp.*, 2020 WL 3187335, at *4 n.1 (N.D. Cal., Jun. 14, 2020) (quoting *Morris v. Guettz*, 2013 WL 440127, at *9 n.8 (C.D. Cal. Feb. 4, 2013) ("'New evidence submitted as part of a reply is improper' because 'the opposing party is deprived of the opportunity to respond.'")).