UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC, <br><br> Plaintiff, <br><br> v. <br><br> KRISTOPHER TAKAHASHI and ALEXANDER TAYLOR, <br><br> Defendants. | Case No. 25-cv-01489-BAS-BLM <br><br> **GRANTING MOTIONS TO FILE UNDER SEAL** <br><br> **(ECF Nos. 39, 51, 54)** |

This action concerns a dispute between a video game developer, Plaintiff Daybreak Game Company LLC ("Daybreak"), and two individuals, Defendants Kristopher Takahashi and Alexander Taylor ("Defendants"), who have created—and profited—from an unauthorized version of the developer's game. Before the Court are three motions to seal submitted by the parties: (1) Daybreak's motion to seal limited portions of its Supplemental Motion for Preliminary Injunction ("Supplemental Motion" or "Supp. Mot.") together with an accompanying declaration and exhibit (ECF No. 39); (2) Defendants' motion to seal certain excerpts of their Opposition to Daybreak's Supplemental Motion and an associated declaration and exhibit (ECF No. 51); and (3) Daybreak's motion to seal limited portions of its Reply in support of its Supplemental

Motion, limited portions of an accompanying declaration, and the entirety of an associated exhibit (ECF No. 54). For the reasons set forth below, the Court **GRANTS** the parties' motions to seal (ECF Nos. 39, 51, 54).

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* For instance, an action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case. *Id.* at 1098. Similarly, a party's opposition to a motion to dismiss is more than tangentially related to the merits of the case. *Ctr. for Auto Safety*, 809 F.3d at 1098.

The Supreme Court and the Ninth Circuit have both made clear that compelling reasons exist to seal court records when the records "might be used . . . 'as sources of

business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598). Such business information includes, but is not limited to, "trade secrets." *Kamakana*, 447 F.3d at 1179. The Ninth Circuit has adopted the Restatement's definition of "trade secret," *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972), which is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it," Restatement (First) of Torts § 757, cmt. b (Am. L. Inst. 1939). Courts have held that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" also satisfies the compelling reasons standard. *See In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *see also Jam Cellars, Inc. v. Wine Grp., LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020).

However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Furthermore, a blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶ 5. The rule permits sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo*

*Am. Corp.*, No. CV 11 00410 YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II.   ANALYSIS

As a threshold matter, the Court finds that the three sealing requests must be evaluated under the compelling reasons standard. This standard applies because the information was submitted as part of filings in support of a substantive motion that directly concerns the merits of this action. "Particularly relevant here, a motion for preliminary injunction frequently requires the court to address the merits of a case, which often includes the presentation of substantial evidence." *Ctr. for Auto Safety*, 809 F.3d at 1099 (citing *Stormans v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009)). Thus, the "compelling reasons" standard applies, and the Court now takes each motion in turn.

### A.   Daybreak's First Motion to Seal (ECF No. 39)

Daybreak moves to file under seal excerpts on pages 8, 10, 13–14, 23, and 27–29, of its Supplemental Motion because they contain EverQuest's "user metrics and financial data . . . [and] also reveal confidential internal information regarding the future of EverQuest." (ECF No. 39-1 at 6:20–22.) Moreover, certain excerpts also reveal "Defendants' confidential financial information." (*Id.* at 6:23–7:2.) The request also covers the entirety of the Supplemental Declaration of Jennifer Chan (ECF No. 38-1), which includes the same user metrics and financial data as well as "information concerning the future of EverQuest . . . [which] would put Daybreak at a severe competitive disadvantage" if disclosed (ECF No. 39-1 at 7:3–7), and Exhibit 3 to the Supplemental Janda Declaration (ECF No. 38-5), which consists of Defendants' financial information produced pursuant to the Stipulated Order (ECF No. 29) and designated as confidential by Defendants.

The Court finds that the requested information in Daybreak's motion to seal meets the compelling reasons standard, as Daybreak has provided specific factual findings along with articulated reasons for its request, and the proposed redactions are narrowly tailored. Specifically, Daybreak seeks to protect confidential user engagement metrics—such as

monthly active user (MAU) and daily active user (DAU) statistics—and internal financial analyses that constitute sensitive business information not publicly available. (*See* Declaration of David Youssefi ("Youssefi Decl.") ¶¶ 4–8, ECF No. 9-5.) Although this data may not fit the traditional notion of a trade secret, it is nonetheless confidential business information that companies guard closely. *See Erickson v. Snap, Inc.*, No. 2:17-cv-03679-SVW-AGR, 2017 WL 11592635, at *1 (C.D. Cal. Sept. 18, 2017) (characterizing user engagement metrics as confidential information). The information functions as internal indicators companies use to inform product lifecycle decisions, investment prioritization, and operational scaling. (Youssefi Decl. ¶¶ 6, 8.) The Court is persuaded that revealing such privately guarded "user engagement metrics and financial performance data . . . [may] provide direct intelligence about market vulnerabilities and strategic opportunities" for Daybreak's competitors. (ECF No. 39-1 at 6:5–14.) The Court therefore concludes that compelling reasons justify sealing the identified information.

**B.    Defendants' Motion to Seal (ECF No. 51)**

Furthermore, Defendants move to file under seal excerpts on page 21 of their Opposition to Plaintiff's Supplemental Motion that contain Daybreak's confidential information already addressed in connection with ECF No. 39. (ECF No. 51 at 1:9–10.) Defendants also request sealing of an excerpt on page 14 of the Declaration of Chris Miles (ECF No. 50-4 at 15:4), and excerpts in Exhibit 14 of their Opposition (ECF No. 50, Ex. 14; ECF No. 50-19 at 2), both of which contain personal identifying information of non-parties to the litigation. As to the references to Daybreak's confidential information, because the information overlaps with that addressed in ECF No. 39, the Court's prior analysis applies with equal force here and likewise establishes compelling reasons to permit sealing.

With respect to the personal identifying information of non-parties, the privacy interest in protecting such information is a compelling reason sufficient to warrant the narrowly tailored redaction proposed by Defendants. *See, e.g., Foltz*, 331 F.3d at 1138 (remanding to the district court to redact identifying information related to non-party

personnel records); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015) ("The Court recognizes the non-party's privacy interests, and finds that such an interest can be appropriately balanced with the public's right to access by redacting personal identifying information[.]"). Accordingly, the Court finds Defendants' request appropriate.

### C. Daybreak's Second Motion to Seal (ECF No. 54)

Daybreak also moves to file under seal excerpts on pages 6 and 7 of its Reply in support of its Supplemental Motion for the same reasons articulated in ECF No. 39. (ECF No. 54-1 at 6:19–23.) The request further covers portions of the Reply Declaration of Jennifer Chan in support of the Supplemental Motion ("Reply Chan Declaration"), specifically paragraphs 4, 6, 7 in relevant part, 15, and 24–29, articulating the same basis for sealing, as well as the entirety of Exhibit A to the Reply Chan Declaration, which consists of Defendants' financial information produced pursuant to the Stipulated Order discussed. (ECF No. 53-1; ECF No. 53, Ex. 2.) The Court concludes that compelling reasons support sealing and that the proposed redactions are narrowly tailored to protect that information for the same justifications previously discussed.

## III. CONCLUSION AND ORDER

In sum, the Court finds compelling reasons exist to seal the identified materials in Daybreak's motions to seal (ECF Nos. 39, 54) and Defendants' motion to seal (ECF No. 51). In light of the foregoing, the Court **GRANTS** the parties' motions to seal (ECF Nos. 39, 51, 54).

**IT IS SO ORDERED.**

DATED: September 19, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court