Benjamin Bruce Anger, SBN 269145
  ben.anger@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard
Costa Mesa, CA 92626
T: (714) 830-0600 / F: (714) 830-0700

JOSHUA M. DALTON (*pro hac vice*)
  josh.dalton@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
T: (617) 341-7700 / F: (617) 341-7701

*Counsel for Defendants Kristopher Takahashi
and Alexander Taylor*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI; ALEXANDER TAYLOR; Does 1-20, Inclusive,<br><br>Defendants. | CASE NO. 3:25-CV-01489<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR AN ADMINISTRATIVE STAY OF PRELIMINARY INJUNCTION OR FOR CLARIFICATION REGARDING THE SCOPE OF PRELIMINARY INJUNCTION**<br><br>Date: October 24, 2025<br>Place: Courtroom 12b 12th Floor<br>Judge: Hon. Cynthia Bashant<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

## I. INTRODUCTION

Defendants respectfully move, pursuant to Federal Rule of Civil Procedure 62 and this Court's inherent authority, for an interim administrative stay of the Court's September 19, 2025 preliminary injunction order (Dkt. 66) (the "Order"). Defendants seek this relief only until this Court resolves Defendants' forthcoming motions for reconsideration and to stay pending appeal, and if necessary, until the Ninth Circuit resolves any motion for stay pending appeal pursuant to Federal Rule of Appellate Procedure 8. In the alternative, if the Court will not grant such an administrative stay, Defendants seek at a minimum clarification as to the scope of the preliminary injunction to avoid any potential contempt or non-compliance.

## II. ARGUMENT

### A. The Court Should Enter An Administrate Stay of The Order

This Court has not yet considered whether a brief administrative stay is warranted pending the Court's resolution of Defendants' forthcoming motions. Interim administrative stays—such as the one Defendants seek here—are common and serve the interests of fairness and ensuring a full opportunity for judicial review of an injunction. They give defendants the opportunity to argue for a stay pending appeal before incurring the costs of complying with an injunction. *See, e.g.*, *Al Otro Lado v. Wolf*, 945 F.3d 1223, 1224 (9th Cir. 2019) ("Because granting the stay request would preserve the status quo, we grant the government's motion for a temporary stay to preserve the status quo pending a decision on the motion for stay pending appeal."); *see also H&R Block, Inc. v. Block, Inc.*, 2022 WL 2132208, at *1 (W.D. Mo. May 20, 2022) ("administrative stays have been used in the Eighth Circuit and beyond to afford the appellate court time to resolve the merits of a renewed stay application") (collecting cases).

As will be described in more detail, Defendants (and potentially other EQEmu emulators who are not subject to this lawsuit) will experience substantial and significant costs and hardships from complying with the Order, as written, which are

not necessary to afford Plaintiff relief from the alleged harm it sought to have enjoined, especially if the Order is read to require permanent deletion of code or to apply to parties that are not at interest in this lawsuit (discussed further below).

An administrative stay while the Court considers Defendants' forthcoming reconsideration and stay motions will ensure appropriate consideration of the Order's actual scope, including a fair opportunity for Defendants to seek further review without incurring undue harm. Additionally, the duration of the stay sought is minimal, particularly given the months that have already passed since THJ has come into existence.

### B. If The Court Does Not Enter An Administrative Stay, It Should Clarify And Narrow The Scope Of The Injunction

If the Court does not administratively stay its Order, Defendants respectfully request that the Court clarify (and, if necessary, narrow) the scope of the preliminary injunction. The focus of Plaintiff's claim always has been on temporarily halting THJ during the pendency of the case, not to irreparably destroy Defendants' property and not to target other non-THJ emulators. Without clarification, the injunction as written does both. "Although the 'district court has considerable discretion in fashioning suitable relief and defining the terms of an injunction,' the injunction 'must be tailored to remedy the specific harm alleged.'" *Galvez v. Jaddou,* 52 F.4th 821, 834 (9th Cir. 2022) (quoting *Lamb-Weston, Inc. v. McCain Foods, Ltd.,* 941 F.2d 970, 974 (9th Cir. 1991)).

Injunctions must "state [their] terms specifically" and "describe" the prohibited acts "in reasonable detail." Fed. R. Civ. P. 65(d)(1). "The scope of the injunction must be no broader and no narrower than necessary to redress the injury shown by the plaintiff." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1195 (9th Cir. 2024) (internal quotations omitted) (remanding overly broad injunction to district court for modification). "An overbroad injunction is an abuse of discretion." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009)

(citation omitted). This Court also has not issued a standalone order specifying the terms of the injunction, and the Order as written raises a number of issues.

First, the Court's Order enjoins Defendants as well as "all persons or entities acting in active concert or participation with them" from "developing, distributing, licensing, promoting, or otherwise making available THJ or any similar software that infringes Daybreak's copyrights" and "operating *any server emulation software* that enables unauthorized access to Daybreak's EverQuest copyrighted works." Order at 30 (emphasis added). This could be read to require anyone who has ever contributed to THJ to cease operations of even their own, wholly unrelated emulator. Given that cessation of THJ and any websites that promote or distribute THJ will be enough to eliminate 100% of the apparent threat identified by Plaintiff, this additional probation is not necessary to temporarily stop THJ as Plaintiff requested. It only serves to create obligations that are unrelated to anything Plaintiff sought to enjoin and potentially impact individuals who have no part of this matter. While these non-parties may have at least some relationship to the Defendants, "[a]s the Federal Circuit explained, '[h]aving a relationship to an enjoined party of the sort set forth in Rule 65(d) exposes a non-party to contempt for assisting the party to violate the injunction, *but does not justify granting injunctive relief against the non-party in its separate capacity*.'" *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 2013 WL 4604746, at *5 (N.D. Cal. Aug. 28, 2013) (quoting *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395-96 (Fed. Cir. 1996)) (emphasis in original).

As discussed in Defendants' Opposition (Dkt. 50 at 11-12), Defendants created THJ (and thousands of other EQEmu emulators created their own projects) based upon "EQEmu's fan-written, clean-room, reverse engineered, open-source code," which has been online for nearly two decades and continues to be online today (available at https://github.com/EQEmu/Server). The Court should clarify that "any similar software" is limited only to "any new software" that would seek to skirt the order as to THJ only. Further, the Court should clarify the injunction to make clear,

for example, that "any similar software" does not apply to any other EQEmu emulators. *See Talavera Hair Prods., Inc. v. Taizhou Yungsung Elec. Appliance Co.*, 2024 WL 85881, at *3 (S.D. Cal. Jan. 8, 2024) ("[R]ule [65] is not intended to bind all individuals who may engage in similar conduct to Defendant, but rather those who receive actual notice of the injunction and aid and abet Defendant or are legally identified with Defendant.") (emphasis added). "As the Ninth Circuit has explained, '[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it *may not attempt to determine the rights of persons not before the court*.'" *Marshall v. Rain*, 2008 WL 3851551, at *1 (S.D. Cal. Aug. 15, 2008) (finding court had no authority to issue preliminary injunction ordering non-parties to take action) (emphasis added).

Second, the Court also enjoined Defendants from "maintaining any public or private repositories containing code for THJ." Order at 30. To the extent that Defendants were enjoined from maintaining even completely non-public repositories containing their code, and after "invest[ing] thousands of hours developing original content," Defendants would have to permanently delete the code in their repositories which will cause irreparable injury. This deletion would unnecessarily provide Plaintiff the ultimate requested remedy, not a preliminary remedy, and would make it impossible to recover the code and thus render moot any motion for reconsideration and/or a motion to stay the preliminary injunction pending appeal to the Ninth Circuit Court of Appeals. *See Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 693251, at *5 (N.D. Cal. Feb. 22, 2016) ("[m]ootness of an appeal can constitute irreparable harm") (citing *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986)).

The Order as written improperly goes beyond what is necessary to fully-protect Plaintiff from the harm claimed in its motion for preliminary injunction. "While recognizing the district court's considerable discretion in fashioning the terms of an injunction, we must insure that it is tailored to eliminate only the specific harm alleged. An overbroad injunction is an abuse of discretion." *E. & J. Gallo Winery v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

*Gallo Cattle Co.*, 967 F.2d 1280, 1297 (9th Cir. 1992) (finding injunction overbroad because "[a]s written, however, Paragraph 15 places a needless burden on defendants. If Joseph's family chooses to sell the business, they may be unable to capitalize on the goodwill accrued in non-misleading pursuits, because a non-Gallo buyer would be forced to operate under a more restrictive injunction than Joseph did.").

Third, Defendants seek to add "as a trademark" to clarify that the injunction was not intended to prohibit the mere use of the word "EverQuest" in a non-trademark context. *See, e.g.*, *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 307 (1992) ("Cases like these are best understood as involving a non-trademark use of a mark—a use to which the infringement laws simply do not apply"); *Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F.3d 1171, 1185 (9th Cir. 2010) ("Trademarks are part of our common language, and we all have some right to use them to communicate in truthful, non-misleading ways.").

### III. CONCLUSION

Defendants respectfully request that the Court grant an administrative stay of the Order pending the Court's ruling on Defendants' forthcoming motions for reconsideration and to stay pending appeal.

In the alternative, Defendants ask the Court to provide clarification as to the scope of the injunction and narrow it to provide the remedy sought by Plaintiff without doing irreversible harm to Defendants or non-parties as follows:

> Accordingly, the Court **ENJOINS** Defendants, along with their officers, directors, agents, employees, and all persons or entities acting in active concert or participation with them, from: developing, distributing, licensing, promoting, or otherwise making available THJ or any ~~similar~~ **new** software that **substantially replaces THJ**~~infringes Daybreak's copyrights~~; operating the website *heroesjourneyemu.com* and any other websites used to promote or distribute THJ; maintaining

any public ~~or private~~ repositories containing code for THJ, including at *github.com/The-Heroes-Journey-EQEMU* or any other online repository; ~~operating any server emulation software that enables unauthorized access to Daybreak's *EverQuest* copyrighted works;~~ and using the EVERQUEST mark or any confusingly similar variations thereof **as a trademark**.

Dated: September 23, 2025           Respectfully submitted,

By: */s/ Joshua M. Dalton*
Benjamin Bruce Anger, SBN 269145
**MORGAN, LEWIS & BOCKIUS LLP**
600 Anton Boulevard
Costa Mesa, CA 92626
Telephone: (714) 830-0441
ben.anger@morganlewis.com

Joshua M. Dalton (*pro hac vice forthcoming*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
josh.dalton@morganlewis.com

*Attorneys for Defendants Kristopher Takahashi and Alexander Taylor*