Benjamin Bruce Anger, SBN 269145
   ben.anger@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard
Costa Mesa, CA 92626
T: (714) 830-0600 / F: (714) 830-0700

JOSHUA M. DALTON (*pro hac vice*)
   josh.dalton@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
T: (617) 341-7700 / F: (617) 341-7701

*Counsel for Defendants Kristopher Takahashi and Alexander Taylor*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI; ALEXANDER TAYLOR; Does 1-20, Inclusive,<br><br>Defendants. | CASE NO. 3:25-CV-01489<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR AN ADMINISTRATIVE STAY OF PRELIMINARY INJUNCTION OR FOR CLARIFICATION REGARDING THE SCOPE OF PRELIMINARY INJUNCTION**<br><br>Date: October 24, 2025<br>Place: Courtroom 12b 12th Floor<br>Judge: Hon. Cynthia Bashant<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

No. 3:25-CV-01489

## I. INTRODUCTION

Since learning that the Court had issued a preliminary injunction (Dkt. 66 ("Order")), Defendants have done everything in their power to comply with as much of the Order as they could, which steps have already shuttered the THJ emulator. The sole source of potential harm articulated by Daybreak is no more, and Defendants have absolutely no intention of re-starting it while the Order is in place. Defendants submitted their short request for a stay or at least to clarify a handful of aspects of the Order in an excess of caution and an attempt to accomplish Daybreak's stated goal of stopping THJ without inflicting unintended harm to Defendants and non-parties. Defendants only filed the motion because Daybreak refused to meaningfully discuss these issues.

This good faith effort was met with a raft of baseless speculation and *ad hominem* attacks on Defendants. For the avoidance of any doubts, Defendants do **not** "seek an end-run around the PI Order," (Dkt. 79 at 1), nor do Defendants desire to "frustrate this Court's PI Order," *id.*, or "not to comply with the Order," *id.* at 2. And any attempt to imply the Defendants have anything to do with random, anonymous posts on YouTube videos and Reddit forums is simply a bridge too far. Such baseless speculation does not comply with the pleading standards set forth in the Federal Rules of Civil Procedure. As confirmed in the attached Declaration of Kristopher Takahashi, Defendants have acted in good faith and to the very best of their ability to totally disable THJ, seeking only to clarify aspects of the Order that go beyond ending THJ and could result in unintended and unnecessary collateral damage. Defendants' request for a stay or, in the alternative, for clarification of the scope of the PI Order (Dkt. 75).

## II. ARGUMENT

### A. DAYBREAK'S ATTEMPT TO IMPUTE ANONYMOUS INTERNET COMMENTS TO DEFENDANTS IS BASELESS AND IMPROPER

Daybreak makes the completely unfounded allegation that Defendants are or will attempt to "host THJ offshore." (Dkt. 79 at 10.) But the "THJ-related discussions" Daybreak points to are the wild musings of anonymous individuals on the internet. *Id.* **(**citing the speculations of a "GoodOl_Butterscotch" and "Zannypanties," among others, as evidence of *Defendants'* intent). Daybreak also points to the musing of "apoc678," "SuperBry," and "gravityrave" hoping that THJ will relaunch offshore, as evidence that Defendants may do so. *See* Dkt. 79-1 (Janda Decl.) ¶¶ 6-7. Although these comments should be deemed evidence of absolutely nothing, Defendants have averred under oath that they have no connection to these individuals and that any speculation about malicious intent is simply untrue. Takahashi Decl. ¶ 3 ("Defendants neither know the identity of any users cited in Mr. Janda's declaration, nor do they in any way speak for Defendants or reflect any intent by Defendants not to honor the Order.").

In short, speculation on the internet does not imply truth. Defendants cannot control statements made on the internet by anonymous users. And neither can Daybreak. Indeed, one such user that Mr. Janda cited to in his Declaration, Janda Decl. ¶ 6, posted the following statement rebuking Daybreak's ill-fated attempt to tie the user's comments to Defendants.

> **laziestathlete** • 1d ago • Edited 1d ago
>
> That's funny. My username is even mentioned in this documents. I have nothing to do with THJ, I just discovered the server a few weeks ago and really fell in love with it. Fuck DB. We are just former players and have nothing to do with the ownership.
>
> ⇧ 12 ⇩   Reply   Share

*See* Takahashi Decl. ¶ 18(a). On the same thread, other users provided similar

sentiments on Plaintiff's actions in this lawsuit:

> **Pacmanpczz** • 2d ago
>
> wow they are really getting thier panties in a knot over this, maybe if DBG actually looked after its subscribers and listened to them then people may not have left for THJ.
>
> I hope everyone leaves Live as they have a disgusting disdane for thier player base and only seem to want money.
>
> They Blame THJ for them losing subscribers which is total BS, they lost players because their TLP sucked ass and they needed someone to blame. The content sucks, it takes forever to do anything requires full groups/raids and is rampant with bots, farmers, hackers and isn't fun to play.
>
> I have had 6 active accounts since 2000 and they have all been cancelled never to be reactivated, characters deleted as well.
>
> If DBG are reading this this "Suck it!!!"
>
> ⇧ 5 ⇩   Reply   Share

*See* Takahashi Decl. ¶ 18(b).

> **crit-eng** • 2d ago
>
> I had 7 subs I was paying for, although not using, and only occasionally playing THJ. As soon as it was shut down I cancelled all of my subscriptions - DBG has no clue how these emulated servers actually help bring people like me back, so good riddance
>
> ⇧ 1 ⇩   Reply   Share
>
> ⊕ 1 more reply

*See* Takahashi Decl. ¶ 18(c). Anonymous online comments cannot and should not be imputed to Defendants.

    **B.    THE REQUESTED CLARIFICATIONS ARE NARROWLY TAILORED TO AVOID UNINTENDED CONSEQUENCES WHILE STILL ACCOMPLISHING DAYBREAK'S STATED GOAL**

The Court determined that THJ competed with EverQuest and therefore THJ could harm Daybreak's market. (Order 24-25.) To that end, THJ has been taken entirely down. Something Daybreak never denies. The only questions raised in the Emergency Motion went to avoiding potentially irreparable harm to Defendants and

third-parties that are wholly unnecessary to accomplishing the intent of the Order. *See* Takahashi Decl. ¶¶ 13-15.

### 1. "[M]aking available THJ or any similar new software that substantially replaces THJ."

Defendants would like to provide the larger EQEmu community clarification whether or not the Order would require emulators that existed before (sometimes for years or decades before) and separate from THJ to be shut down as well. Thus, Defendants requested that the "Court should clarify that 'any similar software' is limited only to 'any new software' that would seek to skirt the order as to THJ only" and that "any similar software" does not apply to any other EQEmu emulators, who are otherwise not parties to this lawsuit nor alleged to have committed any wrongs by Daybreak.

Daybreak does not respond to the concern regarding other emulators (Opp. at 12-13.). Rather, Daybreak states that "[r]eplacing 'similar' with 'new' also would allow Defendants to argue that any derivative works based on THJ are not 'new.'" (Opp. at 12.) But, "Defendants have no intention to continue any version of THJ or other EverQuest emulators. Defendants have completely shut down THJ, and will not in any way restart THJ or any other EverQuest emulator as long as the Order is in place." *See* Takahashi Decl. ¶ 12. This should obliviate any concern Daybreak has regarding the proposed modification.

### 2. "[M]aintaining any public or private repositories"

Defendants sought clarification on this phrase because they do not want to spoliate evidence nor be forced to permanently destroy their own proprietary, non-infringing code during the pendency of this litigation. The Order provides preliminary, not permanent, relief. While Daybreak states, "[a] private repository still allows continued development and collaboration," (Opp. at 13), "Defendants are unaware of any mechanism that could preserve source code offline, while not allowing changes, and maintaining all code structure and metadata of a GitHub

repository to avoid any potential deletion of evidence," Takahashi Decl. ¶ 9. Defendants seek to plainly preserve relevant evidence for this lawsuit.[1]

### 3. Deleting "[O]perating any server emulation software that enables unauthorized access to Daybreak's EverQuest copyrighted works"

Defendants seek clarification for the hundreds of other EQEmu emulators, who are not subject to the Court's jurisdiction. *See Marshall v. Rain*, 2008 WL 3851551, at *1 (S.D. Cal. Aug. 15, 2008) (finding court had no authority to issue preliminary injunction ordering non-parties because courts "may not attempt to determine the rights of persons not before the court."). Indeed, Daybreak mentions two such emulators – Project 1999 ("P99") and Project Quarm – operating within this space (Opp. at 14). These emulators, including Project 1999 ("P99") and Project Quarm, used "EQEmu's fan-written, clean-room, reverse engineered, open-source code," which has been online for nearly two decades to create their emulation projects. Given that cessation of THJ, which Daybreak admits is no longer operating, this wording only serves to create obligations that are unrelated to anything Plaintiff sought to enjoin and potentially impacts individuals who have no part of this matter. *See* Takahashi Decl. ¶¶ 14 ("Our concern around the broadness of the Order is that it could be read to grant Daybreak an avenue to go after other EQEmu servers that have nothing to do with THJ but whose members may have participated at some point in THJ. This concern has been shared across the EQEmu community.")

### 4. "[U]sing the EVERQUEST mark or any confusingly similar variations thereof as a trademark"

Defendants want to avoid any violation of the Order if they use the word "EverQuest" as a word and not a trademark. *See, e.g.,* Takahashi Decl. ¶ 12 ("To be clear, Defendants have no intention to continue any version of THJ or other *EverQuest* emulators."), ¶ 16 ("Defendants seek only to clarify that they can continue

---

[1] The parties have discussed a possible solution that will allow Defendants to take the GitHub repositories entirely offline. As soon as a protocol can be confirmed, Defendants have no objection to doing so.

to use the word "EverQuest" as it has and must do, such as in this declaration, and not as a trademark."); *Toyota Motor Sales, USA, Inc. v. Tabari*, 610 F.3d 1171, 1185 (9th Cir. 2010) ("Trademarks are part of our common language, and we all have some right to use them to communicate in truthful, non-misleading ways.").

### III. CONCLUSION

Defendants respectfully request that the Court grant an administrative stay of the Order pending the Court's ruling on Defendants' forthcoming motions for reconsideration and to stay pending appeal.

In the alternative, Defendants ask the Court to provide clarification as to the scope of the injunction and narrow it to provide the remedy sought by Plaintiff without doing irreversible harm to Defendants or non-parties as follows:

> Accordingly, the Court **ENJOINS** Defendants, along with their officers, directors, agents, employees, and all persons or entities acting in active concert or participation with them, from: developing, distributing, licensing, promoting, or otherwise making available THJ or any ~~similar~~ **new** software that **substantially replaces THJ**~~infringes Daybreak's copyrights~~; operating the website *heroesjourneyemu.com* and any other websites used to promote or distribute THJ; maintaining any public ~~or private~~ repositories containing code for THJ, including at *github.com/The-Heroes-Journey-EQEMU* or any other online repository; ~~operating any server emulation software that enables unauthorized access to Daybreak's *EverQuest* copyrighted works;~~ and using the EVERQUEST mark or any confusingly similar variations thereof **as a trademark**.

| | | |
|---|---|---|
| 1 | Dated: September 30, 2025 | Respectfully submitted, |
| 2 | | By: */s/ Joshua M. Dalton* |
| 3 | | Benjamin Bruce Anger, SBN 269145<br>**MORGAN, LEWIS & BOCKIUS LLP** |
| 4 | | 600 Anton Boulevard<br>Costa Mesa, CA 92626 |
| 5 | | Telephone: (714) 830-0441<br>ben.anger@morganlewis.com |
| 6 | | Joshua M. Dalton (*pro hac vice*) |
| 7 | | **MORGAN, LEWIS & BOCKIUS LLP**<br>One Federal Street |
| 8 | | Boston, MA 02110-1726<br>Telephone: (617) 341-7700<br>josh.dalton@morganlewis.com |
| 9 | | |
| 10 | | *Attorneys for Defendants Kristopher Takahashi and Alexander Taylor* |