NICHOLAS B. JANDA (SBN 253610)
nick.janda@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

MONICA B. RICHMAN (*pro hac vice*)
monica.richman@dentons.com
DANIEL A. SCHNAPP (*pro hac vice*)
daniel.schnapp@dentons.com
MARY KATE BRENNAN (*pro hac vice*)
marykate.brennan@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI, ALEXANDER TAYLOR, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:25-cv-01489-BAS-BLM<br><br>**DAYBREAK'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT**<br><br>Date: November 14, 2025<br>Ctrm: 12B |

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................. 1

II. STATEMENT OF FACTS ........................................................................ 3

III. LEGAL STANDARD ................................................................................ 3

IV. ARGUMENT ............................................................................................. 5

    A. Defendants' Motion for Reconsideration should be denied because they failed to comply with Civ. L.R. 7.1(i)(1). ........................................................................................... 5

    B. The Court did not commit clear error in issuing the PI Order. ........................................................................................... 5

        1. The Court's rejection of Defendants' estoppel and laches defenses is not clear error. .......................................... 5

        2. The Court did not commit clear error in holding that Daybreak is likely to suffer irreparable harm absent the PI Order. ............................................................. 6

        3. The Court did not commit clear error in applying the probationary standard and, even if the PI Order was mandatory in nature, the Court did not commit clear error in holding that Daybreak also met that heightened standard. ............................................ 8

V. CONCLUSION .......................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ArchitectureArt LLC v. City of San Diego*,
   No. 15-CV-01592-BAS-NLS, 2017 WL 1346899 (S.D. Cal. Apr. 4, 2017) ................................................................................................................ 4

*Ausmus v. Lexington Ins. Co.*,
   No. 08-CV-2342 L (LSP), 2009 WL 2058549 (S.D. Cal. July 15, 2009), *aff'd*, 414 Fed. Appx. 76 (9th Cir. 2011) ................................................. 6

*Backlund v. Barnhart*,
   778 F.2d 1386 (9th Cir.1985) .................................................................. 7

*Field v. Google, Inc.*,
   412 F. Supp. 2d 1106 (D. Nev. 2006) ..................................................... 6

*Grady v. Biter*,
   No. 13-CV-2479-BAS(MDD), 2017 WL 1346637 (S.D. Cal. Apr. 10, 2017) ............................................................................................... 5, 7

*Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*,
   736 F.3d 1239 (9th Cir. 2013) ................................................................. 7

*HM Elecs., Inc. v. R.F. Techs., Inc.*,
   No. 12-CV-2884 BAS (JLB), 2015 WL 11234136 (S.D. Cal. Feb. 13, 2015) .................................................................................................... 9

*McDowell v. Calderon*,
   197 F.3d 1253 (9th Cir. 1999) ................................................................. 4

*Philippe Charriol Intl. Ltd. v. A'lor Intl. Ltd.*,
   No. 13-CV-01257-BAS(JLB), 2015 WL 11254685 (S.D. Cal. Mar. 30, 2015) .................................................................................................... 1

*Raya v. Calbiotech*,
   No. 3:18-CV-2643-WQH-AHG, 2019 WL 11504688 (S.D. Cal. Nov. 26, 2019) ........................................................................................... 4

*Schweinsburg v. Gen. Mills, Inc.*,
   No. 322CV00403RBMDDL, 2023 WL 3186294 (S.D. Cal. May 1, 2023) ................................................................................................................ 5

*Shaw v. Experian Information Solutions, Inc.*,
   2016 WL 7634441 (S.D. Cal. April 4, 2016) ................................................. 3–4

*Singleton v. Kernan*,
   No. 16-CV-02462-BAS-NLS, 2017 WL 4922849 (S.D. Cal. Oct. 31, 2017), *aff'd*, 730 Fed. Appx. 540 (9th Cir. 2018) .......................................... 3

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   No. C 10-3724 CW, 2015 WL 1478636 (N.D. Cal. Mar. 31, 2015) ................... 4

*Verble v. 9th U.S. Dist. Court*,
   2007 U.S. Dist. LEXIS 33026, 2007 WL 1971990 (S.D. Cal. 2007) ................. 5

*Wargnier v. National City Mortg. Inc.*,
   No. 09cv2721–GPC–BGS, 2013 WL 3810592 (S.D. Cal. July 22, 2013) ................................................................................................................ 4

*Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*,
   2014 WL 4312021 (N.D. Cal. Aug. 28, 2014) ............................................... 7–8

**Rules**

Fed. R. Civ. P. 59 ................................................................................................ 1, 5, 7

S.D. Cal. Civ. L.R. 7 ........................................................................................... 1, 4, 5

## I. PRELIMINARY STATEMENT[1]

Defendants concede in their Motion for Reconsideration[2] that there are no new facts or changes in law supporting their motion, and they also do not attempt to allege any exceptional or extraordinary circumstances that could support reconsideration of the Court's Preliminary Injunction Order ("PI Order"). As it is textbook law that reconsideration under Fed. R. Civ. P. 59(e) is an "extraordinary remedy" that should only be "used sparingly," *Philippe Charriol Intl. Ltd. v. A'lor Intl. Ltd.*, No. 13-CV-01257-BAS(JLB), 2015 WL 11254685, at *1 (S.D. Cal. Mar. 30, 2015) (internal citation omitted), Defendants' motion is wasteful and specious.

As demonstrated below, Defendants' Motion for Reconsideration fails for at least three reasons. First, it is procedurally defective. Civ. L.R. 7.1(i)(1) requires the moving party to file an affidavit when seeking reconsideration. Defendants did not do so. This failure alone provides a sufficient basis for the Court to deny Defendants' Motion for Reconsideration.

Second, even if the Motion for Reconsideration was procedurally proper (which it is not), Defendants do not come close to meeting the stringent standard for reconsideration of the PI Order. Defendants must meet the high burden of demonstrating clear error or manifest injustice to warrant the "extraordinary remedy" of reconsideration. Defendants concede they have no newly discovered evidence or

---

[1] Yesterday, this Court entered an Order Granting Defendants' Motion to Compel Arbitration and Denying Defendants' Motion for Reconsideration and otherwise staying this matter. (ECF No. 84). While Plaintiff understands that this matter is stayed, out of an abundance of caution, and to preserve its rights and waive none, Plaintiff is filing this Opposition.

[2] Defendants previously asked the Court to reconsider and modify its Preliminary Injunction Order. On September 23, 2025, Defendants filed a purported "emergency" Motion for an Administrative Stay of Preliminary Injunction or For Clarification Regarding the Scope of the Preliminary Injunction ("Motion for Stay and to Modify") (ECF No. 75), which Daybreak opposed. (ECF No. 77). That motion remains pending.

an intervening change in law to rely upon. Defendants' reconsideration motion also merely repackages arguments that were already made in the substantive underlying proceedings. As this Court has held, "[a] party backing a losing legal strategy . . . is not one of those 'extraordinary circumstances' that would generally lead a court to reconsider its prior ruling." *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-CV-2884 BAS (JLB), 2015 WL 11234136, at *2 (S.D. Cal. Feb. 13, 2015). In other words, "sour grapes" is not a valid legal argument.

Lastly, the Court made a well-reasoned, substantive ruling based on ample facts and legal grounds justifying the issued injunctive relief. Indeed, to support each argument regarding the Court's PI Order with which they take issue, Defendants cite to record evidence the Court has already evaluated during briefing and at oral argument.[3] In doing so, Defendants seek to argue points that were considered and rejected by the Court. For example, Defendants' opening paragraph takes issue with the Court's purported failure to apply the heightened pleading standard for a

---

[3] *See, e.g.*, Motion for Reconsideration at Section III(B) citing PI Order, which cites "a declaration from [Daybreak]'s attorney, Nicholas Janda"; *id.* at Section III(B)(1) citing Supplemental Declaration of Jennifer Chan, (ECF No. 38-1), Declaration of Alexander Taylor, (ECF No. 50-3), Exhibit 37 to Defendants' Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction, (ECF No. 50-42), and Exhibit 35 to Defendants' Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction, (ECF No. 50-40); *id.* at Section III(B)(2) citing Supplemental Declaration of Nicholas B. Janda, (ECF No. 38-2), Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction, (ECF No. 50), and Declaration of Zachary Karlsson, (ECF No. 50-2); and *id.* at Section III(B)(3) citing Declaration of Jeffrey R. Butler, (ECF No. 50-5); *id.* at Section III(C) citing Reply Declaration of Jennifer Chan, (ECF No. 53-1), Declaration of Chris Miles, (ECF No. 50-4), Declaration of Zachary Karlsson, (ECF No. 50-2), and Declaration of Kristopher Takahashi, (ECF No. 50-1). Notably Defendants' make numerous erroneous citations to the record. *See, e.g.*, (Motion for Reconsideration at 5 citing Exhibit 37 to Defendant's Opposition to Plaintiff's Supplemental Motion for Preliminary Injunction as (ECF No. 50-40) when (ECF No. 50-40) is Exhibit 35; Motion for Reconsideration at 10 citing the Declaration of Jeffrey R. Butler as (ECF No. 50-12 instead of 50-5)).

mandatory injunction. Yet, after briefing and oral argument, the Court held that "even if [it] were to construe the requested relief as a mandatory injunction," the injunctive relief would still issue. PI Order at 7:7–8.

Therefore, the Court should deny Defendants' Motion for Reconsideration in its entirety.

## II. **STATEMENT OF FACTS**

Daybreak respectfully refers the Court to the following documents which set forth this case's background and procedural history prior to Defendants filing their Motion for Reconsideration (ECF No. 81): Daybreak's Complaint (ECF No. 1); Daybreak's Supplemental Motion for Preliminary Injunction (ECF No. 38); PI Order (ECF No. 66); Daybreak's Opposition to Defendants' Motion to Compel Arbitration and Stay Litigation (ECF No. 73); and Daybreak's Opposition to Defendants' Motion for Stay and to Modify. (ECF No. 79.)

## III. **LEGAL STANDARD**

The Court may only grant motions for reconsideration "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or [its] initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Singleton v. Kernan*, No. 16-CV-02462-BAS-NLS, 2017 WL 4922849, at *2 (S.D. Cal. Oct. 31, 2017), *aff'd*, 730 Fed. Appx. 540 (9th Cir. 2018) citing *School Dist. No. 1J, Multnomah County v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 2742 (1994). Thus, a party seeking reconsideration "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. As one of the cases Defendants seek to rely on states, "[r]econsideration is an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Shaw v. Experian Information Solutions, Inc.*, 2016 WL 7634441, at *1 (S.D. Cal. April 4, 2016) (internal citation omitted).

In cases, such as here, without "newly discovered evidence" or "an intervening change in controlling law," the standard for this motion is "whether the Court committed clear error or the initial decision was manifestly unjust." *Shaw*, 2016 WL 7634441, at *1. Clear error does not exist where the issue is merely "a debatable one." *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999).

Instead, a finding of clear error is appropriate only where the Court is left with the "definite and firm conviction" that a mistake has been committed. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2015 WL 1478636, at *2 (N.D. Cal. Mar. 31, 2015) (internal citation omitted). "[T]he courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error, defining manifest injustice as any error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Raya v. Calbiotech*, No. 3:18-CV-2643-WQH-AHG, 2019 WL 11504688, at *3 (S.D. Cal. Nov. 26, 2019) (internal citation omitted) (collecting cases). The manifest injustice ground, which "requires that the error be apparent to the point of being indisputable[,] . . . is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind." *Id*. (internal citations omitted).

As this Court has held, "a motion for reconsideration is not an appropriate vehicle for rehashing arguments the court has already considered." *ArchitectureArt LLC v. City of San Diego*, No. 15-CV-01592-BAS-NLS, 2017 WL 1346899, at *1 (S.D. Cal. Apr. 4, 2017) (denying motion for reconsideration) (internal citation omitted); *see also Wargnier v. National City Mortg. Inc.*, No. 09cv2721–GPC–BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the movant lodged the same arguments that were previously considered and ruled upon by the court).

## IV. ARGUMENT

### A. Defendants' Motion for Reconsideration should be denied because they failed to comply with Civ. L.R. 7.1(i)(1).

Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Civ. L.R. 7.1(i)(1).

Here, Defendants failed to comply with the procedural requirements of Civil Local Rule 7.1(i)(1) because they did not include the required affidavit. *See* Motion for Reconsideration. Accordingly, the Court need not reach the merits of Defendants' motion. *Schweinsburg v. Gen. Mills, Inc.*, No. 322CV00403RBMDDL, 2023 WL 3186294, at *2 (S.D. Cal. May 1, 2023) (denying Rule 59(e) motion due to party's failure to comply with Civil Local Rule 7.1(i) and collecting cases).

### B. The Court did not commit clear error in issuing the PI Order.

As the Court held, "Daybreak has satisfied the requirements for the issuance of a preliminary injunction." PI Order at 4:12–13. Defendant's Motion for Reconsideration seeks to relitigate the facts and law already set forth in the parties' briefs and at oral argument, and is therefore an attempt at a second bite at the apple. *See Verble v. 9th U.S. Dist. Court*, 2007 U.S. Dist. LEXIS 33026, *3, 2007 WL 1971990 (S.D. Cal. 2007) ("Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple.").

#### 1. The Court's rejection of Defendants' estoppel and laches defenses is not clear error.

Defendants attempt to relitigate their estoppel and laches arguments. As this Court has held, however, "arguments that either have been raised or could have been

raised" previously "are not properly raised in a reconsideration motion" as a "Rule 59(e) motion may not be used to relitigate old matters." *Grady v. Biter*, No. 13-CV-2479-BAS(MDD), 2017 WL 1346637, at *1 (S.D. Cal. Apr. 10, 2017) (internal citation omitted).

Here, the Court did not rely "on the myth of Daybreak's enforcement," as Defendants suggest.[4] Motion for Reconsideration at 12:2. Rather, the Court engaged in a comprehensive and detailed analysis of the factual issues (PI Order at 19:1–20:9; 22:3–17) and reviewed and analyzed caselaw presented by both parties in granting the PI Order. *Id*. at 20:10-24 (distinguishing a case Defendants relied upon, *Field v. Google, Inc.*, 412 F. Supp. 2d 1106 (D. Nev. 2006)); *id*. at 22:18-23:2 (citing *Bangkok Broad. & T.V. Co. v. IPTV Corp.*, No. CV 09-03803 SJO (SSX), 2009 WL 10670331, at *3 (C.D. Cal. July 27, 2009)). As this Court already held, the "equitable estoppel defense does not bar Daybreak's claims" (PI Order at 21:4), nor does Defendants' laches defense. *Id*. at 23:2.

### 2. The Court did not commit clear error in holding that Daybreak is likely to suffer irreparable harm absent the PI Order.

Defendants argue that the Court was wrongly "persuaded that Daybreak has shown that Defendants' conduct is likely to cause irreparable harm." Motion for Reconsideration at 3:17–18 (citing PI Order at 27). In doing so, Defendants (i) regurgitate factual and legal arguments already addressed by the Court, (ii) cite a case related to an intervening change in law (which, as Defendants admit, is not relevant here), and (iii) despite there being no expert testimony at issue, seek to rely on caselaw, such as *Daubert*, related to the legal standard for admitting expert testimony. Yet, "[a] motion to reconsider is not another opportunity for the losing party to make

---

[4] The Court held that "the record shows Daybreak regularly sent cease and desist letters to unauthorized emulator operators." PI Order at 20:27-28. It is alarming that Defendants proffer arguments that have not only been already considered and rejected by the Court, but do so in the face of plain and contrary documentary evidence.

its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009), *aff'd*, 414 Fed. Appx. 76 (9th Cir. 2011). "'[A]fter thoughts' or 'shifting of ground' do not constitute an appropriate basis for reconsideration." *Grady*, 2017 WL 1346637, at *1 (citing *Ausmus*, 2009 WL 2058549, at *2).

In holding that the irreparable harm "factor tilts towards granting injunctive relief" (PI Order at 27:15), the Court considered, *inter alia*, the following:

- "the record suggests harm to Daybreak's player base that likely undermines its market share" (*id*. at 26:3–4);
- "taken together, the statistical evidence and THJ user statements support a reasonable inference that THJ competes with EverQuest, that players have migrated from EverQuest to THJ, and that Defendants' conduct is the proximate cause of the irreparable harm Plaintiff is likely to suffer absent relief" (*id*. at 26:28–27:3); and
- "THJ operates without Daybreak's quality assurance or security controls" which "undermines Daybreak's control over its intellectual property, risks reputational damage, and threatens its long-term goodwill." *Id*. at 27:4–12.

This analysis is correct and supported by the record. Defendants are simply unhappy with the result, which was occasioned by their pervasive and improper actions. Disappointment with the Court's balancing of the evidence in the PI Order does not provide a ground for reconsideration. *See*, *e.g.*, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a motion for reconsideration under Rule 59(e) was properly denied because "it presented no arguments that had not already been raised in opposition to summary judgment").

Moreover, Defendants cite inapposite cases. For example, Defendants seek to rely on *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 2014 WL 4312021 (N.D. Cal. Aug. 28, 2014). Motion for Reconsideration at 5:6–10. In that case, the Ninth

Circuit directed the district court to "'revisit the issue of irreparable harm on remand' in light of the [then] recent decision in *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013)." *Wells Fargo*, 2014 WL 4312021. Here, however, Defendants cite no such new law as no new caselaw warranting reconsideration exists.

As another example, Defendants cite *Daubert v. Merrell Dow Pharm., Inc.*, yet neither party has yet proffered any expert testimony or reports. Motion for Reconsideration at 6:14–17 citing *Daubert*, 43 F.3d 1311 (9th Cir. 1995); *see also id*. at 6:22-24 citing *U.S. Info. Sys., Inc. v. Int'l Broth. of Elec. Workers Local Union No. 3, AFL–CIO*, 313 F.Supp.2d 213, 233 (S.D.N.Y. 2004) (discussing *Daubert* expert issues); *id*. at 7:7–9 citing *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) (same); *id*. at 7:13–17 citing *In re Wireless Telephone Services Antitrust Litigation*, 385 F. Supp. 2d 403, 427 (S.D.N.Y. 2005) (same).

### 3. *The Court did not commit clear error in applying the probationary standard and, even if the PI Order was mandatory in nature, the Court did not commit clear error in holding that Daybreak also met that heightened standard.*

In the second of seven sections in the PI Order, the Court details how and why it "finds that such relief is properly understood as prohibitory." PI Order at 6:10. In the Motion for Reconsideration, Defendants argue—again—that they should be allowed to maintain private repositories of the infringing THJ (*e.g.*, Motion for Stay and to Modify), this time through a prohibitory/mandatory injunction lens. Yet, the Court already held that even though the PI Order "would require Defendants to 'take action,' Ninth Circuit precedent makes clear than an injunction which restores the parties to the last uncontested status quo before the controversy arose—e.g., where only the copyright owner exercised rights in its works—remains prohibitory in nature." PI Order at 6:11–14 (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)).

Nothing Defendants cite undermines the Court's well-reasoned PI Order. *See*, *e.g.*, PI Order at 7:7–10 ("Nevertheless, even if the Court were to construe the requested relief as a mandatory injunction, the Court is persuaded that Daybreak has satisfied the heightened standard…").

## V. CONCLUSION

In light of the foregoing, Daybreak respectfully requests that the Court deny Defendants' Motion for Reconsideration in its entirety and grant any such other relief as it deems just and proper.

Dated: October 31, 2025         Respectfully submitted,

                                DENTONS US LLP

                                By:   /s/*Nicholas B. Janda*
                                      Nicholas B. Janda
                                      Daniel A. Schnapp (*pro hac vice*)
                                      Monica B. Richman (*pro hac vice*)
                                      Mary Kate Brennan (*pro hac vice*)

                                *Attorneys for Plaintiff*
                                DAYBREAK GAME COMPANY, LLC