Benjamin Bruce Anger, SBN 269145
    ben.anger@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard
Costa Mesa, CA 92626
T: (714) 830-0600 / F: (714) 830-0700

JOSHUA M. DALTON (*pro hac vice*)
    josh.dalton@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
T: (617) 341-7700 / F: (617) 341-7701

*Counsel for Defendants Kristopher Takahashi and Alexander Taylor*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI; ALEXANDER TAYLOR; Does 1-20, Inclusive,<br><br>Defendants. | CASE NO. 3:25-CV-01489<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Date: November 14, 2025<br>Place: Courtroom 12b 12th Floor<br>Judge: Hon. Cynthia Bashant<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT.** |

## I. INTRODUCTION

In its order granting Plaintiff's Supplemental Motion for Preliminary Injunction, (Dkt. 66 ("Order")), the Court committed the following clear errors:

- The Court improperly granted ultimate relief to Plaintiff in mandating Defendants delete source code although this litigation is proceeding at this time;

- The Court erred in finding of irreparable harm based on: (i) erosion of the market share (blaming Defendants for Plaintiff's losses of tens of thousands of players when Defendants had a maximum of 5,936 players only) and (ii) reliance on seven anonymous, excerpted, and self-selected comments (i.e., non-randomized, biased, and small sample size) posted on a handful of YouTube videos and Reddit posts as evidence of anything, let alone as the extra proof needed to get Daybreak over the line on causation was a clear error;

- The Court's finding of "reputational damage," which is a component of Daybreak's Lanham Act claim, although the Court conceded it did "not reach the alternative claims in Daybreak's Supplemental Motion, including unfair competition under the Lanham Act and the UCL." (Order at 19, n.3.);

- Despite Daybreak's employee providing a sworn declaration that Plaintiff had *never* sent a cease-and-desist letter to any emulator, like Defendants, and the last cease-and-desist letter sent to any emulator was in 2009 by Daybreak's predecessor company, the Court committed a clear error in finding "Daybreak routinely sent cease and desist letters to unauthorized emulator operators when resources and circumstances warranted." (Order at 6, 7, 20, 22.);

- The Court improperly applied a prohibitory, not mandatory, injunction standard, although the terms of the injunction mandated

Defendants, among other things, remove "public or private repositories containing code for THJ."

In its opposition, Plaintiff musters no serious response to any of these points because it cannot. The error that occurred is real and cannot be ignored.

## II. ARGUMENT

As established in the opening brief, the Court committed a clear error in numerous findings in its Order, which Plaintiff does not rebut in its Opposition.

### A. The Court's Finding of Irreparable Harm And Denial of Defendants' Affirmative Defenses Were Clearly Erroneous

#### 1. The Court's Reliance on Factual Conclusions Nowhere Supported in The Record Was A Clear Error

In their opening motion, Defendants showed the Court committed a clear error in basing numerous findings—including the type of injunction at issue, (Order at 6-7), whether Defendants had reason to believe they would be permitted to release an emulator for estoppel, (*id.* at 20), and whether Daybreak slept on its rights for laches, (*id.* at 22)—on the following statement: "Daybreak routinely sent cease and desist letters to unauthorized emulator operators when resources and circumstances warranted." (Order at 6, 7, 20, 22.).

Plaintiff offers no meaningful response to this argument. Nor could it. Beyond the mere puffery of Plaintiff maintaining the "Court did not rely 'on the myth of Daybreak's enforcement,' as Defendants suggest" (Opp. at 6), Daybreak does not counter the last cease-and-desist letter sent to any emulator was in 2009 – or nearly six years before Daybreak even acquired EverQuest from Sony Online Entertainment. *See* Dkt. 53-1 (Chan Reply Decl.), ¶ 18. Daybreak has ***never*** sent a cease-and-desist letter to any emulator. Thus, because Daybreak does not argue—nor is there any other evidence in the record beyond these illusory cease-and-desist letters to support any contention that Daybreak "typically sought to address infringing conduct," (Order at 22)—the Court committed a clear error in relying on non-existent cease-and-desist letters to reject Defendants' laches and estoppel arguments and

apply the improper standard of review (prohibitory, instead of mandatory). The Court should reverse its clear error.

### 2. The Court's Reliance on Seven Anonymous User Comments on YouTube and Reddit to Find Irreparable Harm Constitutes Clear Error

As demonstrated in Defendants' motion, the Court's reliance on seven anonymous, excerpted, and self-selected comments (i.e., non-randomized, biased, and small sample size) posted on a handful of online YouTube videos and Reddit posts as evidence of anything, let alone as the extra proof needed to get Daybreak over the line on causation (i.e., drawing conclusions from the bias and limited sample size and extrapolating those comments as representative of an entire community), is clearly erroneous. *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1321 (9th Cir. 1995) (a "statistically significant relationship" between the drug and alleged birth defects that was too weak to establish causation "would not be helpful, and indeed would only serve to confuse the jury" and was inadmissible); *Duran v. U.S. Bank*, 59 Cal. 4th 1, 38 (2014) ("The essence of the science of inferential statistics is that one may confidently draw inferences about the whole from a representative sample of the whole. . . . Inferences from the part to the whole are justified only when the sample is representative.")

While Daybreak maintains the Court's "analysis is correct and supported by the record," it does not cite a single source in the record to support the assertion that EveryQuest's decline was actually *caused* by Defendants. Indeed, even Daybreak's own filings do not suggest such. *See* Dkt. 38 (Pls.' Supp. Mot.) at 17 ("Here, statistical analysis of player activity demonstrates a clear ***correlation*** between THJ's growth and the decline in official EverQuest server populations") (emphasis added); Dkt. 53 (Pl.'s Reply) at 12 ("the evidence demonstrates that EverQuest's decline ***corresponds*** directly with THJ's launch") (emphasis added). Because Daybreak's own filings and evidence do not suggest any causation, Daybreak engages in misdirection by quoting the terms of the Order that Defendants maintain was a clear

error.

Daybreak also criticizes Defendants' citations to *Daubert v. Merrell Dow Pharm., Inc.* and argues that case is inapposite because "neither party has yet proffered any expert testimony or reports." (Opp. at 8.) But Plaintiff itself hired a technical expert and relied extensively on his "complete analysis of [his] methodology, technical findings, and supporting documentation is contained in [his] **Expert Report**." Dkt. 38-06 (Kitchen Decl.) ¶ 43 (emphasis added.) Daybreak may not use its failure to hire a statistical expert – because no statistical expert could find causation based on seven anonymous online YouTube and Reddit comments – as a shield to say that it is not subject to the necessary requirements to establish statistical causation and a sword to say Defendants caused EverQuest's decline.

**B.     The Court Should Consider the Merits of Defendants' Motion**

Whether to grant or deny a motion for reconsideration rests with the sound discretion of the district court. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). While Defendants concede they did not submit an affidavit as described in Local Rule 7.1(i)(1), Defendants' motion provides the same details as to the relevant background on the litigation and filings, what decision was made, and the basis upon which Defendants seek reconsideration. Notably, Plaintiff does not suggest that it did not know the materials facts and circumstances Defendants maintain were a clear error, nor is there any confusion as the findings Defendants maintain were clearly erroneous. Indeed, counsel in other matters within this district have submitted affidavits providing a single sentence and relying upon the information contained in the respective motion. *See, e.g.*, *Rodriguez v. Mondelez Global LLC*, No. 3:23-cv-00057, Dkt. 30-1 (S.D. Cal. Jan 11, 2023) (affidavit stating only Court "relied on a mistaken understanding of which labeling statements did and did not appear on the labels at issue").

If the Court were to find the motion is procedurally improper, the proper remedy would be a denial without prejudice after which Defendants would re-file the

same motion for reconsideration and include the subject affidavit. To assist the Court and expedite its review, Defendants file contemporaneously herewith a Rule 7.1(i)(1) affidavit setting forth the same information contained in the headings of its Motion noting the clear errors in the Court's Order. Since Plaintiff has already responded to the substance of the arguments, there is no prejudice against Plaintiff. Thus, the Court should exercise its discretion and take the motion under advisement.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its Order, grant this Motion for Reconsideration, and deny Plaintiff's Supplemental Motion for Preliminary Injunction.

Dated: November 7, 2025         Respectfully submitted,

By: /s/ *Joshua M. Dalton*
Benjamin Bruce Anger, SBN 269145
**MORGAN, LEWIS & BOCKIUS LLP**
600 Anton Boulevard
Costa Mesa, CA 92626
Telephone: (714) 830-0441
ben.anger@morganlewis.com

Joshua M. Dalton (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
josh.dalton@morganlewis.com

*Attorneys for Defendants Kristopher Takahashi and Alexander Taylor*