BENJAMIN B. ANGER, SBN 269145
  ben.anger@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard
Costa Mesa, CA 92626
T: (714) 830-0600 / F: (714) 830-0700

JOSHUA M. DALTON (*pro hac vice*)
  josh.dalton@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
T: (617) 341-7700 / F: (617) 341-7701

*Counsel for Defendants, Kristopher Takahashi and Alexander Taylor*

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTOPHER TAKAHASHI; ALEXANDER TAYLOR; Does 1-20, Inclusive,<br><br><br>Defendants. | CASE NO. 3:25-CV-01489<br><br>**DECLARATION OF JOSHUA M. DALTON IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION** |

I, Joshua M. Dalton, declare:

1.     I am an attorney duly admitted to practice in the Commonwealth of Massachusetts and admitted pro hic vice to the bar of the United States District Court of the Southern District of California in this action (ECF No. 30). I am a partner with the law firm of Morgan, Lewis & Bockius LLP and counsel of record for Defendants Kristopher Takahashi and Alexander Taylor in the above-entitled action. I submit this declaration in support of Defendants' Motion for Reconsideration. The facts stated herein are true of my personal knowledge, and if called I could and would testify competently thereto.

2.     I submit this Declaration in support of Defendants' Reply Memorandum in support of their Motion for Reconsideration of Order Granting Plaintiff's Supplemental Motion for Preliminary Injunction.

3.     On September 19, 2025, the Court granted Plaintiff's Supplemental Motion Plaintiff's Supplemental Motion for Preliminary Injunction. *See* Dkt. 66 ("Order").

4.     On October 14, 2025, Defendants timely filed a Motion for Reconsideration of the Order. *See* Dkt. 81.

5.     Defendants' Motion sought reconsideration of this Court's ruling as it pertains to the following facts/circumstances in which the Court committed a clear error in: (i) ordering ultimate relief to Plaintiff in a motion for a preliminary injunction; (ii) finding statistical causation after explaining the data alone "suggest[s] only correlation rather than causation." (Dkt. 66 at 27), but finding statistical causation nonetheless based on seven anonymous, excerpted, and self-selected comments (i.e., non-randomized, biased, and small sample size) posted on a handful of online YouTube videos and Reddit posts; (iii) determining Defendants caused Plaintiff "reputational damage," which is a component of Daybreak's Lanham Act claim, when the Court conceded that it did "not reach the alternative claims in Daybreak's Supplemental Motion, including unfair competition under the Lanham Act and the UCL." (Order at 19, n.3); and (iv) finding "Daybreak routinely sent cease and desist letters to

unauthorized emulator operators when resources and circumstances warranted" in rejecting Defendants affirmative defenses and applying the prohibitory, not mandatory, standard of review although Plaintiff concedes it had never sent a cease and desist letter to any emulator.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 7, 2025, in Boston, Massachusetts.

Joshua M. Dalton