NICHOLAS B. JANDA (SBN 253610)
nick.janda@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

MONICA B. RICHMAN (*pro hac vice*)
monica.richman@dentons.com
DANIEL A. SCHNAPP (*pro hac vice*)
daniel.schnapp@dentons.com
MARY KATE BRENNAN (*pro hac vice*)
marykate.brennan@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI, ALEXANDER TAYLOR, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:25-cv-01489-BAS-BLM<br><br>**PLAINTIFF'S MOTION REQUESTING ALTERNATIVE SERVICE OF PRELIMINARY INJUNCTION ORDER ON NONPARTY ZACHARY KARLSSON**<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

TO THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Plaintiff Daybreak Game Company LLC ("Daybreak") hereby moves for an order authorizing alternative service of the Court's Preliminary Injunction Order ("PI Order") on nonparty Zachary Karlsson via direct Discord and Reddit messaging to Karlsson's "Ozuri" account accompanied by certified mail to his residential address.

Daybreak brings this motion pursuant to Fed. R. Civ. P. 4(e)(1) and Cal. Code Civ. Proc. § 413.30.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Rebecca Short and Cameron Redmond, all pleadings and papers on file in this action, all matters of which the Court may take judicial notice, and any such other evidence and argument as may be presented at the time of any hearing.

Dated: December 10, 2025

Respectfully submitted,

DENTONS US LLP

By: /s/*Daniel A. Schnapp*
   Daniel A. Schnapp (*pro hac vice*)
   Nicholas B. Janda
   Monica B. Richman (*pro hac vice*)
   Mary Kate Brennan (*pro hac vice*)

*Attorneys for Plaintiff*
DAYBREAK GAME COMPANY, LLC

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................................1

II. STATEMENT OF FACTS .......................................................................................2

    A. Relevant Procedural History ..........................................................................2

    B. Karlsson's Involvement with Defendants .....................................................3

    C. Karlsson's Avoidance of Personal Service of the PI Order ..........................5

III. ALTERNATIVE SERVICE SHOULD BE GRANTED ..........................................5

IV. CONCLUSION .........................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Commodity Futures Trading Comm'n v. Ooki DAO*,
  No. 3:22-CV-05416-WHO, 2022 WL 17822445
  (N.D. Cal. Dec. 20, 2022) .................................................................................... 7

*Discord, Inc. v. Discord Sound*,
  No. 19-CV-05824-HSG, 2020 WL 553886
  (N.D. Cal. Feb. 4, 2020) ...................................................................................... 7

*Entrepreneur Media, Inc. v. Doe*,
  No. 8:19-cv-01706-JLS-JDE, 2020 WL 2089485
  (C.D. Cal. Mar. 4, 2020) ...................................................................................... 8

*GSV Futures LLC v. Casmain L.P.*,
  No. 22-CV-05449-LB, 2022 WL 16856361
  (N.D. Cal. Nov. 10, 2022) .................................................................................... 7

*Juicero, Inc. v. iTaste Co.*,
  No. 17-cv-01921-BLF, 2017 WL 3996196
  (N.D. Cal. June 5, 2017) ...................................................................................... 7

*Monster Energy Co. v. Vital Pharms., Inc.*,
  No. 18-CV-1882, 2023 WL 2918724
  (C.D. Cal. Apr. 12, 2023) .................................................................................... 6

*Regal Knitwear Co. v. NLRB*,
  324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1945) .................................................... 5

*Rio Properties, Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ............................................................................. 7

*SEC v. Anticevic*,
  2009 U.S. Dist. LEXIS 11480 (S.D.N.Y. Feb. 8, 2009) ...................................... 7

*St. Francis Assisi v. Kuwait Fin. House*,
  No. 3:16-CV-3240-LB, 2016 WL 5725002
  (N.D. Cal. Sept. 30, 2016) ................................................................................... 7

*Su v. Fillet*,
  671 F. Supp. 3d 1052 (N.D. Cal. 2023) ............................................................... 7

*Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co.*,
281 F. Supp. 3d 967 (C.D. Cal. 2017) .......... 5

*UBS Fin. Servs. Inc. v. Berger*,
No. 13-CV-03770 LB, 2014 WL 12643321
(N.D. Cal. Apr. 24, 2014) .......... 7

**Statutes**

California Code of Civil Procedure
§ 413.30 .......... 7

**Rules and Regulations**

Federal Rules of Civil Procedure
Rule 4 .......... 6
Rule 65 .......... 1, 5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiff Daybreak Game Company LLC respectfully seeks a narrowly tailored order authorizing alternative service of the Court's Preliminary Injunction Order ("PI Order") on nonparty Zachary Karlsson via direct Discord and Reddit messaging to Karlsson's "Ozuri" accounts accompanied by certified mail to his residential address. The PI Order, in accordance with Fed. R. Civ. P. 65, binds those in active concert or participation with Defendants who receive actual notice of it. Ensuring that Karlsson promptly receives notice by the communication methods he uses (i.e., Discord and Reddit) is both fair and necessary to effectuate service of the PI Order because, as demonstrated by Defendants' submission of a declaration from Karlsson in support of their opposition to Daybreak's Supplemental Motion for a Preliminary Injunction ("PI Opp.") and Karlsson's attestations in said declaration, he has acted in active concert and participation with Defendants.

Despite diligent and repeated efforts (i.e., six attempts on six separate days at six different times) to effect personal service on Karlsson at his residential address, Daybreak's efforts have been unsuccessful. An investigator has corroborated that the address used is correct, observed an adult male matching Karlsson's description returning to the residence, and identified communications consistent with Karlsson's residence and online activity. These facts, coupled with Karlsson's own sworn statements acknowledging his involvement with Defendants, establish both the necessity for court intervention and the reliability of targeted alternative methods of service via Discord and Reddit messaging along with certified mail.

Here, the proposed methods of service are carefully tailored to the facts and are reasonably calculated to apprise Karlsson of the PI Order and any obligations thereunder. Daybreak therefore respectfully requests that the Court permit it to serve Karlsson with the PI Order via direct Discord and Reddit messaging to

Karlsson's "Ozuri" accounts accompanied by certified mail to his residential address. These measures will provide timely, reliable notice and satisfy the requirements of due process.

## II. STATEMENT OF FACTS

### A. Relevant Procedural History

Daybreak respectfully refers the Court to the following documents which set forth this case's background and procedural history: Daybreak's Complaint (ECF No. 1); Daybreak's Supplemental Motion for Preliminary Injunction (ECF No. 38); PI Order (ECF No. 66); Daybreak's Opposition to Defendants' Motion to Compel Arbitration and Stay Litigation (ECF No. 73); Daybreak's Opposition to Defendants' Motion for Stay and to Modify (ECF No. 79); Daybreak's Opposition to Defendants' Motion for Reconsideration (ECF No. 85); and the Court's December 1, 2025 Order denying Defendants' Motion for Reconsideration ("Reconsideration Order"). (ECF No. 87.)

In the PI Order, the Court confirmed that "[t]he injunction shall remain in effect until the entry of final judgment in this action or until further order of the Court." PI Order at 30:23-24; *see also generally* Reconsideration Order. On October 30, 2025, the Court stayed "these proceedings pending a decision on arbitrability by the arbitrator" and held "that the present order does not affect the Court's earlier order granting Plaintiff's motion for preliminary injunction." Order Granting Defendants' Motion to Compel Arbitration (ECF No. 61); and Denying Defendants' Ex Parte Motion for an Administrative Stay of Preliminary Injunction (ECF No. 75) ("Arbitration Order").[1] (ECF No. 84 at 11:27-28, 12:19.) While Daybreak understands that these proceedings are stayed, it respectfully submits that this request

---

[1] Daybreak filed case initiation documents with the American Arbitration Association ("AAA") in accordance with the Arbitration Order on November 21, 2025. The AAA proceeding remains in its initial stages.

for alternative service is appropriate to enforce the still in effect PI Order. *See generally* PI Order; Reconsideration Order.

### B. Karlsson's Involvement with Defendants

As the Court found, "Daybreak owns the intellectual property rights in an online, multi-player roleplaying game called EverQuest" and "Defendants had used Daybreak's computer code and visual elements of Daybreak's game design to create its own online, multi-player role-playing game called the Heroes Journey ("THJ")." Reconsideration Order at 1:23-26. After Daybreak moved for a preliminary injunction, the Court issued the PI Order on September 19, 2025, which, *inter alia*, "enjoined Defendants' company—insofar as its operations relied upon likely infringement of Daybreak's copyright—from operating until the resolution of the present action." *Id*. at 2:7-10.

In relevant part, the PI Order enjoins the following:

> Defendants, along with their officers, directors, agents, employees, ***and all persons or entities acting in active concert or participation with them***, from: developing, distributing, licensing, promoting, or otherwise making available THJ or any similar software that infringes Daybreak's copyrights; operating the website heroesjourneyemu.com and any other websites used to promote or distribute THJ; maintaining any public or private repositories containing code for THJ, including at github.com/The-Heroes-Journey-EQEMU or any other online repository; operating any server emulation software that enables unauthorized access to Daybreak's EverQuest copyrighted works; and using the EVERQUEST mark or any confusingly similar variations thereof.

PI Order at 30:7-17. (Emphasis added.)

The record confirms that Karlsson acted in concert with Defendants in the development, operation, distribution, and promotion of THJ. This is evidenced by, among other things, the declaration of Karlsson that was submitted by Defendants ("Karlsson Decl.") (ECF No. 50-2) in support of their PI Opp. *See* PI Opp. at 3:27-4:2, 4 n. 1, 7:12-17; 8:28-9:1, 12:9-13, 13:6-8, 13 n. 3, 14:5-9, 14:27-15:5, 21:14-22:2, 22:14-17. In his declaration, Karlsson confirms that he uses the pseudonym "'Ozuri' online." Karlsson Decl. ¶ 1.

In his declaration, Karlsson avers that he was "***fully onboarded as a fully-privileged administrator to … THJ.***" *Id*. ¶ 14. (Emphasis added.) Moreover, Karlsson states that he is "***the only person in the world***" who has held such high-level administrative access to THJ and the official EverQuest game. *Id.* (Emphasis added.)

Karlsson also attests that he is "an advisor to Another Quest LLC." *Id*. ¶ 1. Since the inception of this litigation, Defendants have argued that Daybreak wrongly sued the individually named Defendants instead of Another Quest LLC.[2] *See*, *e.g.*, PI Opp Sections II(B) and IV(B)(4). Stated differently, Karlsson is an advisor to Defendants and the infringing THJ. *See id*.; *see also* Karlsson Decl. ¶ 13 ("I was contacted by Kris Takahashi of Another Quest LLC).

In his declaration, Karlsson further attests to the following:
- He has donated to THJ. Karlsson Decl. ¶ 1.
- He is currently the Chief Operating Officer of another studio developing another MMO game. *Id.* ¶ 3.
- He is a former employee of Plaintiff (the company name was Sony Online Entertainment (SOE) at that time) *Id.* ¶ 7.
- He claims to have extensive experience with THJ and EverQuest. *Id*. ¶ 14.
- He claims that he held the **highest-level administrative access to THJ**. *Id*. ¶¶ 5-14.
- He began playing THJ and telling others about it in "late 2024." *Id*. ¶ 12.
- He offered to support Defendants in any way that he could. *Id*. ¶ 13.
- "When it became clear that THJ was gaining popularity, [Another Quest LLC] asked me to assist in contacting Daybreak to see if *we* could enter some kind of strategic partnership or marketing agreement . . . *We* approached business development people as *we* believed that's who would be most inclined to talk to us about how *we* wanted to handle THJ's unexpected, but hoped for, success." *Id*. ¶ 38. (Emphasis added.)

---

[2] Daybreak maintains that it properly sued Defendants Takahashi and Taylor. *See generally* PI Order and Reconsideration Order (enjoining and confirming ongoing enjoinment of Defendants).

## C. Karlsson's Avoidance of Personal Service of the PI Order

In accordance with the PI Order (enjoining, *inter alia*, "all persons or entities acting in active concert or participation with [Defendants]") and Fed. R. Civ. P. 65(d)(2)(C), Daybreak diligently attempted to personally serve Karlsson with the PI Order to no avail. *See* Affidavit of Rebecca Short. Daybreak's process server made six attempts to personally serve Karlsson at his residence on the following days: October 10, 11, 12, 14, 15, and 16. *See id*. The attempts were made at various times (e.g., at 8:06 p.m. on October 10, 12:12 p.m. on October 11, and 8:22 a.m. on October 12). *See id*. During the attempts, the process server identified signs indicating that the residence was occupied (e.g., noises of dogs and running water inside, lights on inside). *See id*.

After being unable to personally serve the PI Order on Karlsson (*see id*.), Daybreak hired an investigative firm to confirm that Daybreak had his correct address. *See* Affidavit of Cameron Redmond ¶¶ 1-4. The investigator corroborated Karlsson's residence at said address. *See id*. On at least one occasion, an adult male matching Karlsson's description was observed at that address. *See id*. ¶¶ 5-6.

## III. ALTERNATIVE SERVICE SHOULD BE GRANTED

Fed. R. Civ. P. 65(d)(2)(C) provides that an order granting an injunction binds "the following who receive actual notice of it by personal service or otherwise: other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Rule 65(d)(2)(C) is "derived from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified them in interest, in 'privity' with them, represented by them or subject to their control." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661 (1945). "In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Id*.; *see also Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co*., 281 F. Supp. 3d 967, 980 (C.D. Cal.

2017) (holding nonparty in civil contempt of injunction under Rule 65) (*citing Regal Knitwear*, 324 U.S. at 14); *Monster Energy Co. v. Vital Pharms., Inc.*, No. 18-CV-1882, 2023 WL 2918724, at *15–16 (C.D. Cal. Apr. 12, 2023), *aff'd*, No. 23-CV-55451, 2025 WL 1111495 (finding under Rule 65(d), nonparties in active concert with enjoined parties are similarly bound). The PI Order incorporates Fed. R. Civ. P. 65(d)(2)(C) by enjoining "Defendants, along with their officers, directors, agents, employees, and all persons or entities acting in active concert or participation with them." PI Order at 30:8-10.

Here, evidence submitted by Defendants—the Karlsson Decl.—confirms that Karlsson has "acte[ed] in active concert or participation with them." PI Order at 30:9-10; *see* Fed. R. Civ. P. 65(d)(2)(C); *see also* Karlsson Decl. Indeed, when attesting to his discussions with Daybreak regarding THJ, he collectively refers to himself and Defendants as "we":

> Defendants started THJ as a passion-project; believing that a fan-based project could be successful. When it became clear that THJ was gaining popularity rapidly, [Another Quest LLC] asked me to assist in contacting Daybreak, to see if **we** could enter some kind of strategic partnership or marketing agreement similar to what other emulators who had reached a critical mass of players like P99 had done in the past; or, at least, find out what Daybreak's current preferences for emulators were (such as avoiding releasing new content in the same month), and then try to comply with them. **We** got no response. **We** approached business development people as **we** believed that's who would be most inclined to talk to us about how **we** want to handle THJ's unexpected, but hoped for, success.

Karlsson Decl. ¶ 38. (Emphasis added.) Therefore, Daybreak respectfully submits that it remains necessary for Daybreak to serve Karlsson with the PI Order so that Daybreak may, to the extent necessary, enforce compliance of the PI Order.

Fed. R. Civ. P. 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As this Court sits in California, California law governs the availability of alternative service. Cal. Code Civ. Proc. §

413.30 authorizes a court to direct service "in a manner which is reasonably calculated to give actual notice to the party to be served." This standard aligns with constitutional due process, which requires only that the method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Although a party need not exhaust other methods before seeking alternative service, courts commonly require a showing that reasonable efforts to effectuate traditional service have failed and that court intervention is necessary. *See*, *e.g.*, *SEC v. Anticevic*, 2009 U.S. Dist. LEXIS 11480, at *8 (S.D.N.Y. Feb. 8, 2009) (*citing Rio Properties*, 284 F.3d at 1015).

Courts have repeatedly approved alternative service tailored to the facts and the individual's known channels of communication, including the following:

- **Service through social media**: *See*, *e.g.*, *Discord, Inc. v. Discord Sound*, No. 19-CV-05824-HSG, 2020 WL 553886, at *2–3 (N.D. Cal. Feb. 4, 2020) (authorizing service by email and Facebook where defendants communicated via those channels and were aware of the suit); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (authorizing service via Twitter); *UBS Fin. Servs. Inc. v. Berger*, No. 13-CV-03770 LB, 2014 WL 12643321, at *2 (N.D. Cal. Apr. 24, 2014) (permitting service by email and LinkedIn "InMail" used in the prior arbitration); *GSV Futures LLC v. Casmain L.P.*, No. 22-CV-05449-LB, 2022 WL 16856361, at *4 (N.D. Cal. Nov. 10, 2022) (authorizing service by email and WeChat based on prior communications through those channels); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 WL 3996196, at *3–4 (N.D. Cal. June 5, 2017) (authorizing service by email, U.S.-based counsel, and Facebook).
- **Service by mail**: *See*, *e.g.*, *Su v. Fillet*, 671 F. Supp. 3d 1052, 1052–53 (N.D. Cal. 2023) (authorizing alternate service by certified mail and iMessage to defendant's mobile number).
- **Service by posting in online forums or analogous electronic posting**: *See*, *e.g.*, *Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-CV-05416-WHO, 2022 WL 17822445, at *13 (N.D. Cal. Dec. 20,

2022) (finding posting the summons and complaint via the DAO's online discussion forum and help chat reasonably calculated to provide notice); *Entrepreneur Media, Inc. v. Doe*, No. 8:19-cv-01706-JLS-JDE, 2020 WL 2089485, at *2–3 (C.D. Cal. Mar. 4, 2020) (authorizing publication and directing electronic posting of a link to service materials via Instagram).

The Court therefore may authorize alternative service so long as, on the facts presented, each method is reasonably calculated to provide actual notice and an opportunity to respond.

Here, Daybreak respectfully requests that the Court authorize it to serve Karlsson with the PI Order via a direct message to Karlsson's "Ozuri" account on Discord and Reddit. Karlsson has acknowledged that he operates under the "Ozuri" handle and that THJ's community's "center of gravity" is on Discord. Karlsson Decl. ¶¶ 1, 31. Indeed, Karlsson references Discord six times in his declaration. *Id*. ¶¶ 30, 31, 40, and 45. Karlsson also attested that "THJ was created by gamers, and the platforms used to . . . communicate around the project, including Discord . . . are all rooted in gaming culture, where screen names or pseudonyms are the norm." *Id*. ¶ 45. He further attested that use of handles (or pseudonyms) "reflects the culture of the medium," online gaming. *Id*. ¶ 48; *see also id*. ¶ 47 (discussing "the professional normalcy of pseudonyms in online gaming environments"); *see generally id*. ¶¶ 45-49. Upon information and belief, Karlsson also operates on Reddit under the "Ozuri" handle.

Daybreak's proposed tailored alternative service via direct Discord and Reddit messages to Karlsson's "Ozuri" accounts, accompanied by certified mail to his residential address, is narrowly crafted to reach him through the very channels he uses and is reasonably calculated to apprise him of the PI Order and his obligations thereunder. Authorizing these methods will ensure timely, reliable notice and prevent evasion from frustrating the Court's injunction.

## IV. CONCLUSION

For the reasons set forth herein, Daybreak respectfully requests that the Court issue an order authorizing it to utilize the following methods of alternative service to serve Karlsson with the PI Order: (i) direct message to Karlsson's "Ozuri" account on Discord, (ii) direct message to Karlsson's "Ozuri" account on Reddit, and (iii) certified mail to Karlsson's residence.

Dated: December 10, 2025

Respectfully submitted,

DENTONS US LLP

By: /s/*Daniel A. Schnapp*
Daniel A. Schnapp (*pro hac vice*)
Nicholas B. Janda
Monica B. Richman (*pro hac vice*)
Mary Kate Brennan (*pro hac vice*)

*Attorneys for Plaintiff*
DAYBREAK GAME COMPANY, LLC