**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYBREAK GAME COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI, *et. al*,<br><br>Defendants. | Case No. 25-cv-01489-BAS-BLM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEAL (ECF No. 82)** |

Presently before the Court is Defendants' Kristopher Takahashi and Alexander Taylor ("Defendants") motion to seal (ECF No. 82) portions of its motion for reconsideration (ECF No. 81). For the reasons below, the Court **GRANTS** Defendants' motion to seal. (ECF No. 82.)

**I.     BACKGROUND**

On September 19, 2025, the Court issued a preliminary injunction favoring Plaintiff Daybreak Game Company, LLC ("Plaintiff") (ECF No. 38). (ECF No. 66). Defendants then filed a motion urging the court the reconsider its order. (ECF No. 81.) Defendants

also filed an accompanying motion to seal portions of its motion to reconsider. (ECF No. 82.) Prior to the Court's preliminary injunction order, both Parties have previously filed motions to seal (ECF Nos. 39, 51, 54), which the Court had previously granted (ECF No. 67). The present Order considers whether Defendants' motion to seal accompanying its motion to reconsider should also be granted, in light of the Court's prior order and relevant legal precedent. (ECF No. 82.)

## II.     LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote

public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g., Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Similarly, it is not enough to "mention[] a general category of privilege, without any further elaboration or any specific linkage with the documents." *Id*. at 1184. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of the "relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's Standing Order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases § 5. These procedures limit sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id*. Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410-YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

### III. ANALYSIS

#### A. Procedural Requirements

The Court's Standing Order notes, "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing." Standing Order § 5.A ("§ 5.A"). "Parties often seek to seal a document only because another party designated the document as sensitive under a protective order . . . [i]n these circumstances, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the document must be filed under seal." *Id*. Then, "the designating party must file a response to the sealing motion within seven days that satisfies the sealing standard . . . If no response is filed, the Court may order that the document be filed in the public record." *Id*. Since Defendants are both the movants for sealing and the designators of the documents they seek to redact, the Court finds the § 5.A requirement does not apply here. Moreover, Defendants have correctly lodged its motion without proposed redactions on the public docket. (ECF No. 83.) Thus, the Court finds Defendants have fulfilled the procedural requirements regarding its motion to seal (ECF No. 82).

### B. Whether Plaintiff Presents Compelling Reasons for its Proposed Redactions

#### 1. Related Documents More Than Tangentially Related to Merits

The Court finds that Defendants' motion to seal (ECF No. 82) is filed in connection with its motion for reconsideration, which is more than "tangentially related to the merits of [this] case." *See Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-CV-01702-BLF, 2017 WL 8294173, at *2 (N.D. Cal. Aug. 7, 2017) ("[S]ealing motions relate to a motion for preliminary injunction, which is more than tangentially related to the merits of the case. . . [thus,] the instant motions are resolved under the compelling reasons standard"); *see also Irvin v. Masto*, No. 215CV02002JCMPAL, 2016 WL 8738158, at *3 (D. Nev. Apr. 29, 2016) (a motion to reconsider a Court's previous order on preliminary injunction was "more than tangentially related to" the case). Thus, the Court finds Defendants' motion to seal (ECF No. 82) is subject to the "compelling reasons" standard in *Kamakana*, 447 F.3d at 1179.

### 2. "Compelling Reasons" Legal Standard

Preventing the release of trade secrets generally constitutes a compelling reason to seal such documents. *Kamakana,* 447 F.3d at 1179; *see also Nixon,* 435 U.S. at 598 (observing that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing"); *Apple Inc. v. Samsung Elecs. Co.,* 727 F.3d 1214, 1226–28 (Fed.Cir.2013) (holding that under Ninth Circuit law, detailed product-specific information and internal reports are appropriate to seal under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage). However, even if proposed material for sealing does not constitute a trade secret, it may still be sealable as confidential business information. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569 (finding sealable "business information that might harm a litigant's competitive standing"); *see also Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon,* 435 U.S. at 598–599) ("sources of business information that might harm a litigant's competitive standing" are subject to sealing); *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *see also Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 21-MC-80159-JSC, 2021 WL 3473937, at *1 (N.D. Cal. July 29, 2021) ("confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' is sealable").

### 3. "Narrowly Tailored" Legal Standard

"Only those documents, or portions thereof, necessary to protect such sensitive information" may be sealed. Standing Order § 5.A. As such, whenever possible, the moving party must redact only what is necessary. *See Kamakana*, 447 F.3d at 1183; *Murphy*, 2012 WL 1497489, at *2–3. Redactions must be narrowly tailored such that only information that meets the compelling reasons standard is redacted. *See Kamakana*, 447 F.3d at 1183 (highlighting the "limited and clear" nature and specificity of the redactions);

*ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DL, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023) (rejecting redactions that were insufficiently tailored). The moving party must provide the compelling reason justifying the proposed redactions. *Foltz*, 331 F.3d at 1135.

### 3. Analysis of Compelling Reasons

Since the Court has previously granted sealing EverQuest's confidential user engagement metrics and financial data (ECF No. 67 at 4:25–5:3), the Court also finds compelling reasons to seal that same information in Defendants' motion to reconsider (ECF No. 81). Again, even if this data may not fit the traditional notion of a trade secret, it is nonetheless confidential business information that companies guard closely. *See Erickson v. Snap, Inc.*, No. 2:17- cv-03679-SVW-AGR, 2017 WL 11592635, at *1 (C.D. Cal. Sept. 18, 2017) (characterizing user engagement metrics as confidential information). Further, the Court finds that Defendants' proposed redactions are "narrowly tailored," *Kamakana*, 447 F.3d at 1183, since Defendants primarily seek to seal specific numerical values, *see e.g., In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2014 WL 662545, at *1 ("only the specific dollar amounts. . . may be sealed"), or financial analyses that were developed "with a substantial amount of time, effort, and money." *Yeiser Rsch. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1046 (S.D. Cal. 2017).

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' motion to seal (ECF No. 82). Further, the Clerk of Court shall **ACCEPT** and **FILE UNDER SEAL** any documents accompanying ECF No. 83.

**IT IS SO ORDERED.**

**DATED: December 10, 2025**

*[signature]*

**Hon. Cynthia Bashant, Chief Judge
United States District Court**