**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYBREAK GAME COMPANY, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KRISTOPHER TAKAHASHI, *et. al*,<br><br>　　　　Defendants. | Case No. 25-cv-01489-BAS-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PRELIMINARY INJUNCTION ORDER (ECF No. 90)** |

　　For the reasons below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff Daybreak Game Company, LLC's ("Plaintiff") motion for alternative service (ECF No. 90).

**I.　BACKGROUND**

　　On June 14, 2025, Plaintiff initiated this action by filing a complaint against Defendants Kristopher Takahashi, Alexander Taylor, and Does 1-20—alleging that, by creating a game named The Heroes' Journey, Defendants violated Daybreak's intellectual

property rights associated with its game named EverQuest.  Plaintiff alleged causes of action for: (1) direct copyright infringement, 17 U.S.C. § 101 *et seq*., (2) copyright infringement by inducement, (3) violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1201, (4) trademark dilution, 15 U.S.C. § 1125(c), (5) federal unfair competition, 15 U.S.C. § 1125(a), (6) California trademark dilution, Cal. Bus. & Prof. Code § 14330, (7) breach of contract under California common law, (8) unfair competition, California Cal. Bus. & Prof. Code § 17200, and (9) unjust enrichment under California common law. (ECF No. 1.)

Plaintiff filed a motion for preliminary injunction on June 14, 2025.  (ECF No. 5.) Defendants filed an opposition on July 30, 2025.  (ECF No. 50.)  Nonparty Zachary Karlsson ("Karlsson") filed a declaration in support, which is attached to Defendants' opposition.  (ECF No. 50-2.)  The Court held a hearing on August 12, 2025 (ECF No. 58) and issued an order granting Plaintiff's motion for preliminary injunction on September 19, 2025 (ECF No. 66).  Plaintiff attempted to personally serve the Court's preliminary injunction order upon Karlsson, and subsequently filed a motion requesting alternative service with the Court (ECF No. 90).

## II. LEGAL STANDARD

### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 65(d)(2)(C) provides that an order granting an injunction binds (emphasis added): "the following who receive **actual notice of it by personal service or otherwise**. . . other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."  And the district court has the power to enforce an order against a non-party "as if [he were] a party," if the injunction is addressed to the non-party and he is given notice of the injunction.  *See* Fed. R. Civ. P. 71; *Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1323 (9th Cir.1998) (a non-party may be held in contempt if he is given notice of the court's order and either abets the defendant in violating the order or is legally identified with him).

Under Federal Rule of Civil Procedure 4(e)(1), plaintiffs may serve an individual located within the United States by using any method allowed by the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). California—the state in which the Court sits—allows for five basic methods of service: (1) personal delivery to the party; (2) delivery to someone else at the party's usual residence or place of business; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Code Civ. Proc. §§ 415.10-50.  Alternatively, California Code of Civil Procedure Section 413.30 permits the court to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." Cal. Code Civ. Proc. § 413.30.

California District courts have held that, except for service by publication, which is allowed only as a last resort, Section 413.30 permits alternate service without requiring exhaustion of California's other enumerated methods. *See, e.g., Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3-4 (N.D. Cal. June 25, 2018).  As Rule 4 aims to "provide maximum freedom and flexibility in the procedures for giving all defendants ... notice of commencement of the action and to eliminate unnecessary technicality," (*Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992)), courts have utilized Section 413.30 to permit alternative service (including through electronic means) where "plaintiff demonstrated reasonable diligence in [its] attempts to serve," and where alternative service is "reasonably calculated to give actual notice." *Gnathonic, LLC v. Dingman*, No. 19-cv-01502-VAP (SSX), 2019 WL 13166751, at *3 (C.D. Cal. Oct. 2, 2019) (quoting *Cisco Sys., Inc*, 2018 WL 3109398, at *4).

Even if alternative service is permitted under Rule 4(e)(1), alternative methods "must also comport with constitutional norms of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present

their objections.' " *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Courts are more likely to grant alternatively service "particularly where there is evidence that the defendant is evading service." *Gnathonic*, 2019 WL 13166751, at *2 (quoting *Cisco Sys., Inc*, 2018 WL 3109398, at *3 (collecting cases)).

### III. ANALYSIS

#### A. Whether Karlsson Acted in "Active Concert or Participation" under Rule 65(d)

Rule 65(d)(2)(C) is "derived from the common law doctrine that a decree of injunction not only binds the parties' defendant but also those identified them in interest, in 'privity' with them, represented by them or subject to their control." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945).

"Privity" exists when a nonparty's interests are so intertwined with a named party's interests that it is fair to hold the third party bound by the judgment against the named party, *i.e.*, to bind Karlsson by the injunction against Defendants. *United States v. ITT Rayonier, Inc.,* 627 F.2d 996, 1003 (9th Cir.1980). Privity can also arise if a nonparty, here Karlsson, had control over the litigation of the injunction conducted by the named party, here Defendants, *see Montana v. United States,* 440 U.S. 147, 154 (1979), or if Karlsson's interests were adequately represented by Defendants in the injunction proceedings, *see Rayonier*, 627 F.2d at 1003. To determine the liability of a nonparty for a defendant's actions under Rule 65(d), the Court must conduct "[a] fact-sensitive inquiry ... to determine whether persons not named in an injunction can be bound by its terms because they are acting in concert with an enjoined party." *Al Otro Lado v. Wolf*, 497 F. Supp. 3d 914, 929 (citing 11A Wright & Miller at § 2956).

The Court finds it does not have sufficient evidence to determine at this time whether Karlsson acted in concert or participation (*i.e.*, privity) with Defendants under Rule 65(d). Though Plaintiff is correct that Karlsson has represented to the Court that he had privileged access to Defendants' copyright-infringing game, The Heroes' Journey ("THJ") (ECF No.

50-2 ¶ 14), Karlsson also represents that "[he] neither [has a] financial interest in the outcome of this litigation nor [has he] been compensated by THJ" (*id*. ¶ 1). Nonetheless, the Court finds that deciding Plaintiff's allegations regarding Karlsson's participation in Defendants' infringing activity is unnecessary to determine whether to grant Plaintiff's requests for alternative service to serve Karlsson.

### A.  Whether Plaintiff Exercised Reasonable Diligence to Serve Defendant

As discussed, prior to seeking alternative service of process under Cal. Civ. Proc. Code § 413.30, Plaintiff must first demonstrate that Plaintiff exercised "reasonable diligence" in attempting to serve Defendant through other means of service specified in the California Civil Code of Procedure, including "personal delivery . . . to the person to be served" (Cal. Civ. Proc. Code § 415.10(a)).

Here, Plaintiff hired an investigator, who identified a residential address attributed to Karlsson based on commercial databases and County property records. (ECF No. 90-1 ¶¶ 3–4.) Karlsson allegedly owns the property. (*Id*. ¶ 4.) Plaintiff hired a process server, who attempted to serve Karlsson at that same address once per day on six consecutive days, from October 10, 2025 to October 16, 2025, at different times of day each time. (ECF No. 90-2 at 1–2.)  The process server's affidavit attests that the residence appears to be occupied. (*Id*. at 1.)

California state courts have held that "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *See Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992). However, it is clear from the process server's affidavit that any attempt to serve Karlsson at the address identified by Plaintiff's investigator would be futile— meaning the address identified is not a "proper place" to serve Karlsson. *Id*. Further, Plaintiff has not shown by declaration what efforts, if any, have been made to identify an alternate address for him. Accordingly, Plaintiff has not shown on this record that service under this method cannot reasonably be effected. *See Arias v. BL Custom Upholstery,*

*Corp.*, No. CV 23-7256 PVC, 2023 WL 9418433, at *3 (C.D. Cal. Sept. 29, 2023) (finding the same).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for alternative service (ECF No. 90). If after a good faith effort, Plaintiff remains unable to serve Defendant through personal service, Plaintiff may refile its motion to serve Karlsson by an alternative method.

**IT IS SO ORDERED.**

DATED: December 15, 2025

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**