1  NICHOLAS B. JANDA (SBN 253610)
   nick.janda@dentons.com
2  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5704
   Telephone: (213) 623-9300
4  Facsimile: (213) 623-9924

5  MONICA B. RICHMAN (*pro hac vice*)
   monica.richman@dentons.com
6  DANIEL A. SCHNAPP (*pro hac vice*)
   daniel.schnapp@dentons.com
7  MARY KATE BRENNAN (*pro hac vice*)
   marykate.brennan@dentons.com
8  DENTONS US LLP
   1221 Avenue of the Americas
9  New York, New York 10020-1089
   Telephone: (212) 768-6700
10 Facsimile: (212) 768-6800

11 *Attorneys for Plaintiff*
   *DAYBREAK GAME COMPANY LLC*

12

13              UNITED STATES DISTRICT COURT

14            SOUTHERN DISTRICT OF CALIFORNIA

15 DAYBREAK GAME COMPANY LLC,          Case No. 3:25-cv-01489-BAS-BLM

16              Plaintiff,             **PLAINTIFF'S RENEWED
                                       MOTION REQUESTING
17        v.                          ALTERNATIVE SERVICE OF
                                       PRELIMINARY INJUNCTION
18 KRISTOPHER TAKAHASHI,              ORDER ON NONPARTY
   ALEXANDER TAYLOR, and DOES 1-      ZACHARY KARLSSON**
19 20, inclusive,
                                       **NO ORAL ARGUMENT UNLESS
20              Defendants.            ORDERED BY THE COURT**

21

22

23

24

25

26

27

28

1  TO THE COURT AND ALL PARTIES:

2      PLEASE TAKE NOTICE that Plaintiff Daybreak Game Company LLC

3  ("Daybreak") hereby moves for an order authorizing alternative service of the

4  Court's Preliminary Injunction Order ("PI Order") on nonparty Zachary Karlsson

5  via direct Discord and Reddit messaging to Karlsson's "Ozuri" account

6  accompanied by certified mail to his residential address.

7      Daybreak brings this motion pursuant to Fed. R. Civ. P. 4(e)(1), Cal. Code

8  Civ. Proc. § 413.30, and the Court's December 15, 2025 Order. (ECF No. 93.)

9      This Motion is based on this Notice, the accompanying Memorandum of

10  Points and Authorities, the December 29, 2025 Declaration of Cameron Redmond,

11  all pleadings and papers on file in this action, all matters of which the Court may

12  take judicial notice, and any such other evidence and argument as may be presented

13  at the time of any hearing.

14  Dated: December 30, 2025          Respectfully submitted,

15                                    DENTONS US LLP

16                                    By: */s/ Daniel A. Schnapp*

17                                        Daniel A. Schnapp (*pro hac vice*)
                                          Nicholas B. Janda

18                                        Monica B. Richman (*pro hac vice*)
                                          Mary Kate Brennan (*pro hac vice*)

19

20                                    *Attorneys for Plaintiff*
                                      *DAYBREAK GAME COMPANY, LLC*

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I.    PRELIMINARY STATEMENT ........................................................................1

II.   STATEMENT OF FACTS...............................................................................2

    A.    Procedural History ...................................................................2

    B.    Investigation and Service Attempts .......................................2

III.  ALTERNATIVE SERVICE SHOULD BE GRANTED .................................3

IV.   CONCLUSION ..............................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Commodity Futures Trading Comm'n v. Ooki DAO*,
    No. 3:22-CV-05416-WHO, 2022 WL 17822445
    (N.D. Cal. Dec. 20, 2022)..........................................................................5

*Discord, Inc. v. Discord Sound*,
    No. 19-CV-05824-HSG, 2020 WL 553886
    (N.D. Cal. Feb. 4, 2020) ...........................................................................5

*Entrepreneur Media, Inc. v. Doe*,
    No. 8:19-cv-01706-JLS-JDE, 2020 WL 2089485
    (C.D. Cal. Mar. 4, 2020)............................................................................6

*GSV Futures LLC v. Casmain L.P.*,
    No. 22-CV-05449-LB, 2022 WL 16856361
    (N.D. Cal. Nov. 10, 2022) .........................................................................5

*Juicero, Inc. v. iTaste Co.*,
    No. 17-cv-01921-BLF, 2017 WL 3996196
    (N.D. Cal. June 5, 2017) ............................................................................5

*Monster Energy Co. v. Vital Pharms., Inc.*,
    No. 18-CV-1882, 2023 WL 2918724
    (C.D. Cal. Apr. 12, 2023) ..........................................................................4

*Regal Knitwear Co. v. NLRB*,
    324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1945) ...................................3, 4

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ...................................................................4

*SEC v. Anticevic*,
    2009 U.S. Dist. LEXIS 11480 (S.D.N.Y. Feb. 8, 2009) ......................................4

*St. Francis Assisi v. Kuwait Fin. House*,
    No. 3:16-CV-3240-LB, 2016 WL 5725002
    (N.D. Cal. Sept. 30, 2016) .........................................................................5

*Su v. Fillet*,
    671 F. Supp. 3d 1052 (N.D. Cal. 2023)......................................................5

*Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co.*,
    281 F. Supp. 3d 967 (C.D. Cal. 2017).................................................................4

*UBS Fin. Servs. Inc. v. Berger*,
    No. 13-CV-03770 LB, 2014 WL 12643321
    (N.D. Cal. Apr. 24, 2014).........................................................................................5

**Statutes**

California Code of Civil Procedure
    § 413.30..............................................................................................1, 4, 5

**Rules and Regulations**

Federal Rules of Civil Procedure
    Rule 4................................................................................................1, 4
    Rule 65..............................................................................................3, 4

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.      PRELIMINARY STATEMENT**

Plaintiff Daybreak Game Company LLC respectfully renews its request for a narrowly tailored order authorizing alternative service of the Court's Preliminary Injunction Order ("PI Order") on nonparty Zachary Karlsson via direct Discord and Reddit messaging to Karlsson's "Ozuri" accounts accompanied by certified mail to his residential address.

Prior to filing its original alternative service motion, Daybreak engaged an investigative team, Jetty Partners, LLC ("Jetty Partners"), to identify Karlsson's current address. Jetty Partners identified Karlsson's current address ("Karlsson Address"). After a process server made six failed attempts at personally serving the PI Order on Karlsson at the Karlsson Address, Daybreak engaged Jetty Partners to conduct on-the-ground surveillance and confirm whether Karlsson was evading personal service of the PI Order at the Karlsson Address. The surveillance results confirmed Daybreak's suspicions—Karlsson resides at the Karlsson Address and has evaded personal service of the PI Order.

In denying without prejudice Daybreak's original motion for alternative service, the Court found that Daybreak did not show by declaration what efforts had been made to verify an alternative address for Karlsson. As detailed in the contemporaneously filed declaration of Daybreak's investigator, although Jetty Partners diligently attempted to locate additional addresses for Karlsson, none were found (i.e., the Karlsson Address, where Karlsson was surveilled, is the only known address for him). Therefore, Daybreak respectfully renews its request to serve Karlsson with the PI Order via alternative methods in accordance with Fed. R. Civ. P. 4(e)(1), Cal. Code Civ. Proc. § 413.30, and the Court's December 15, 2025 Order.

## II.   STATEMENT OF FACTS

### A.   Procedural History

Daybreak respectfully refers the Court to the following documents which set forth this case's background and procedural history: Daybreak's Complaint (ECF No. 1); Daybreak's Supplemental Motion for Preliminary Injunction (ECF No. 38); PI Order (ECF No. 66); Daybreak's Opposition to Defendants' Motion to Compel Arbitration and Stay Litigation (ECF No. 73); Daybreak's Opposition to Defendants' Motion for Stay and to Modify (ECF No. 79); Daybreak's Opposition to Defendants' Motion for Reconsideration (ECF No. 85); the Court's December 1, 2025 Order denying Defendants' Motion for Reconsideration ("Reconsideration Order") (ECF No. 87); Daybreak's Motion for Alternative Service (ECF No. 90); and the Court's December 15, 2025 Order denying without prejudice Daybreak's Motion for Alternative Service ("12/15 Order"). (ECF No. 93.)

### B.   Investigation and Service Attempts

Daybreak instructed Jetty Partners to initiate targeted efforts to locate and surveil Karlsson for the purpose of personally serving the PI Order on him. *See* December 5, 2025 Declaration of Cameron Redmond ("12/5 Redmond Decl.") (ECF No. 90-1), ¶ 2; December 29, 2025 Declaration of Cameron Redmond ("12/29 Redmond Decl."), ¶ 2. Through comprehensive investigation, Jetty Partners identified a single address for Karlsson—the Karlsson Address. *See generally* 12/5 Redmond Decl.; 12/29 Redmond Decl.

The investigation of Jetty Partners included the following:

- searches of two commercial databases that pull data from credit header reports (12/29 Redmond Decl., ¶ 4);
- searches of multiple subscription open-source intelligence ("OSINT") databases, which compile data from credit header reports, social media, and numerous additional surface, deep, and dark web sources (*id.*, ¶ 5);
- searches across a proprietary repository containing billions of records compromised in data breaches, enabling linkages between individuals and their personally identifiable information, including physical

addresses, email addresses, phone numbers, and social media handles (*id.*, ¶ 6);

- searches of several open-source data aggregator sites (*id.*, ¶ 7); and
- review of Alameda County property records through the online database maintained by the Alameda County Clerk-Recorder. *Id.*, ¶ 8.

The process server hired by Daybreak was unable to personally serve the PI Order on Karlsson at the Karlsson Address. *See* Affidavit of Rebecca Short ("Short Aff."). (ECF No. 90-1.) The process server did, however, notice signs that the Karlsson Address was occupied during these service attempts. *See id*. For example, when the process server attempted service on Karlsson at the Karlsson Address on October 10, 2025 at 8:06 p.m., the process server heard dogs inside and saw the blinds open in an upstairs window. *Id.* As another example, on October 15, 2025 at 8:57 p.m., the process server heard water running and a dog barking inside, and also saw a light on upstairs. *Id*. Despite six varied attempts at personal service, the process server was unable to personally serve the PI Order on Karlsson. *Id*.

Due to concerns that Karlsson was evading service, Daybreak instructed Jetty Partners to conduct surveillance at the Karlsson Address. 12/5 Redmond Decl., ¶¶ 2, 5. The investigative team confirmed that Karlsson was at the Karlsson Address on November 12, 2025. *Id.*, ¶ 6.

## III. <u>ALTERNATIVE SERVICE SHOULD BE GRANTED</u>

Fed. R. Civ. P. 65(d)(2)(C) provides that an order granting an injunction binds "the following who receive actual notice of it by personal service or otherwise: other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." *See* 12/15 Order at 2:19-22. Rule 65(d)(2)(C) is "derived from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified them in interest, in 'privity' with them, represented by them or subject to their control." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S.Ct. 478, 89 L.Ed. 661 (1945). *See also* 12/15 Order at 4:9-12. "In essence it is that defendants may not nullify a decree by

carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear*, 324 U.S. at 14; *Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co*., 281 F. Supp. 3d 967, 980 (C.D. Cal. 2017) (holding nonparty in civil contempt of injunction under Rule 65) (*citing Regal Knitwear*, 324 U.S. at 14); *Monster Energy Co. v. Vital Pharms., Inc.*, No. 18-CV-1882, 2023 WL 2918724, at *15–16 (C.D. Cal. Apr. 12, 2023), *aff'd*, No. 23-CV-55451, 2025 WL 1111495 (finding under Rule 65(d), nonparties in active concert with enjoined parties are similarly bound). The PI Order incorporates Fed. R. Civ. P. 65(d)(2)(C) by enjoining "Defendants, along with their officers, directors, agents, employees, and all persons or entities acting in active concert or participation with them." PI Order at 30:8-10.

Fed. R. Civ. P. 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* 12/15 Order at 3:1-3. As this Court sits in California, California law governs the availability of alternative service. *See id*. at 3:3-4. Cal. Code Civ. Proc. § 413.30 authorizes a court to direct service "in a manner which is reasonably calculated to give actual notice to the party to be served." *See id*. at 3-11. This standard aligns with constitutional due process, which requires only that the method of service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (*quoting Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)). Although a party need not exhaust other methods before seeking alternative service, courts commonly require a showing that reasonable efforts to effectuate traditional service have failed and that court intervention is necessary. *See*, *e.g.*, *SEC v. Anticevic*, 2009 U.S. Dist. LEXIS 11480, at *8 (S.D.N.Y. Feb. 8, 2009) (*citing Rio Properties*, 284 F.3d at 1015).

Cal. Code Civ. Proc. § 413.30 requires a party seeking alternative service to "demonstrate that [it] exercised 'reasonable diligence' in attempting to serve." 12/15 Order at 5:7-9. As this Court held, "California state courts have held that 'two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Id.* at 5:19-21 (internal citation omitted). Here, Daybreak's process server attempted to personally serve the PI Order on Karlsson at his only known address—the Karlsson Address—on six different days at six different times. *See* Short Aff.; *see also* 12/5 Redmond Decl.; 12/29 Redmond Decl. Daybreak also tried but could not identify any alternative addresses for Karlsson. *See* 12/29 Redmond Decl. Therefore, Daybreak respectfully requests that the Court allow it to serve Karlsson with the PI Order via alternative service.

Courts have repeatedly approved alternative service tailored to the facts and the individual's known channels of communication, including the following:

- **Service through social media**: *See, e.g., Discord, Inc. v. Discord Sound*, No. 19-CV-05824-HSG, 2020 WL 553886, at *2–3 (N.D. Cal. Feb. 4, 2020) (authorizing service by email and Facebook where defendants communicated via those channels and were aware of the suit); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (authorizing service via Twitter); *UBS Fin. Servs. Inc. v. Berger*, No. 13-CV-03770 LB, 2014 WL 12643321, at *2 (N.D. Cal. Apr. 24, 2014) (permitting service by email and LinkedIn "InMail" used in the prior arbitration); *GSV Futures LLC v. Casmain L.P.*, No. 22-CV-05449-LB, 2022 WL 16856361, at *4 (N.D. Cal. Nov. 10, 2022) (authorizing service by email and WeChat based on prior communications through those channels); *Juicero, Inc. v. iTaste Co.*, No. 17-cv-01921-BLF, 2017 WL 3996196, at *3–4 (N.D. Cal. June 5, 2017) (authorizing service by email, U.S.-based counsel, and Facebook).
- **Service by mail**: *See, e.g., Su v. Fillet*, 671 F. Supp. 3d 1052, 1052–53 (N.D. Cal. 2023) (authorizing alternate service by certified mail and iMessage to defendant's mobile number).
- **Service by posting in online forums or analogous electronic posting**: *See, e.g., Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-CV-05416-WHO, 2022 WL 17822445, at *13 (N.D. Cal. Dec. 20,

2022) (finding posting the summons and complaint via the DAO's online discussion forum and help chat reasonably calculated to provide notice); *Entrepreneur Media, Inc. v. Doe*, No. 8:19-cv-01706-JLS-JDE, 2020 WL 2089485, at *2–3 (C.D. Cal. Mar. 4, 2020) (authorizing publication and directing electronic posting of a link to service materials via Instagram).

The Court therefore may authorize alternative service so long as, on the facts presented, each method is reasonably calculated to provide actual notice and an opportunity to respond. *See* 12/15 Order at 3:24-4:5.

Daybreak again respectfully requests that the Court authorize it to serve the PI Order on Karlsson via direct messages to Karlsson's "Ozuri" accounts on Discord and Reddit. Karlsson has acknowledged that he operates under the "Ozuri" handle and that THJ's community's "center of gravity" is on Discord. Declaration of Zachary Karlsson (ECF 50-2), ¶¶ 1, 31. Indeed, Karlsson references Discord six times in his declaration. *Id*. ¶¶ 30, 31, 40, and 45. Karlsson also attested that "THJ was created by gamers, and the platforms used to . . . communicate around the project, including Discord . . . are all rooted in gaming culture, where screen names or pseudonyms are the norm." *Id*. ¶ 45. He further attested that use of handles (or pseudonyms) "reflects the culture of the medium," online gaming. *Id*. ¶ 48; *see also id*. ¶ 47 (discussing "the professional normalcy of pseudonyms in online gaming environments"); *see generally id*. ¶¶ 45-49. Upon information and belief, Karlsson also operates on Reddit under the "Ozuri" handle.

Daybreak's proposed tailored alternative service via direct Discord and Reddit messages to Karlsson's "Ozuri" accounts, accompanied by certified mail to his residential address, is narrowly crafted to reach him through the very channels he uses and is reasonably calculated to apprise him of the PI Order and his obligations thereunder. Authorizing these methods will ensure timely, reliable notice and prevent evasion from frustrating the Court's injunction.

## IV.    **CONCLUSION**

For the reasons set forth herein, Daybreak respectfully requests that the Court issue an order authorizing it to utilize the following methods of alternative service to serve Karlsson with the PI Order: (i) direct message to Karlsson's "Ozuri" account on Discord, (ii) direct message to Karlsson's "Ozuri" account on Reddit, and (iii) certified mail to Karlsson's residence.

Dated: December 30, 2025                Respectfully submitted,

DENTONS US LLP

By:    /s/*Daniel A. Schnapp*
       Daniel A. Schnapp (*pro hac vice*)
       Nicholas B. Janda
       Monica B. Richman (*pro hac vice*)
       Mary Kate Brennan (*pro hac vice*)

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY, LLC*