NICHOLAS B. JANDA (SBN 253610)
nick.janda@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

MONICA B. RICHMAN (*pro hac vice*)
monica.richman@dentons.com
DANIEL A. SCHNAPP (*pro hac vice*)
daniel.schnapp@dentons.com
MARY KATE BRENNAN (*pro hac vice*)
marykate.brennan@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

*Attorneys for Plaintiff*
*DAYBREAK GAME COMPANY LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY LLC, <br><br> Plaintiff, <br><br> v. <br><br> KRISTOPHER TAKAHASHI, ALEXANDER TAYLOR, and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 3:25-cv-01489-BAS-BLM <br><br> **PLAINTIFF DAYBREAK GAME COMPANY LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO SEAL** <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** <br><br> Hearing Date: January 30, 2026 |

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Daybreak Game Company LLC ("Daybreak") respectfully submits this Memorandum of Points and Authorities in support of its request for an order to seal limited portions of the Declaration of Cameron Redmond in Support of Plaintiff's Motion Requesting Alternative Service of Preliminary Injunction Order as to Nonparty Zachary Karlsson ("Karlsson") (the "Confidential Information").

This Court should seal the Confidential Information because it contains personally identifiable information ("PII") relating to Karlsson, including his personal residential address, the disclosure of which would compromise his recognized privacy interests and serve no legitimate public purpose.

# LEGAL ARGUMENT

**A.   Legal Standard for Sealing Documents**

In the Ninth Circuit, courts apply a well-established three-part test for sealing judicial records. To seal documents, a party must demonstrate: (1) compelling reasons supported by specific factual findings; (2) articulated reasoning for the request; and (3) narrow tailoring to serve only the interest asserted. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (where a motion is "more than tangentially related to the merits" of the action, the sealing of confidential information is appropriate where there are "compelling reasons" to do so), *cert. denied*, 137 S. Ct. 38 (Oct. 3, 2016). The party seeking sealing bears the burden of overcoming the strong presumption in favor of public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption, however, is not absolute and courts routinely recognize that certain categories of information warrant protection from public disclosure.

2   Case No. 3:25-cv-01489-BAS-BLM
MEMORANDUM ISO MOTION TO SEAL

**B.     PII Constitutes a Compelling Reason to Seal**

Importantly, "an individual's privacy interest" is a compelling reason to seal and prevent disclosure of a document. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2017) (allowing redaction of home addresses and financial account "to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft"); *see also Pension Plan for Pension Tr. Fund for Operating Eng'rs v. Giacalone Elec. Servs., Inc.*, No. 13-CV-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015).

Under the "compelling reasons" test, courts routinely seal documents containing PII. *Cancino Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (finding a "compelling interest" to maintain under seal records that contain personal information); *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2022 WL 1180216, at *2 (N.D. Cal. March 30, 2022) (sealing employees', residents', and other individuals' "contact and other personally-identifying information"); *Ashton Woods Holdings LLC v. USG Corp.*, No. 15-CV-01247-HSG, 2021 WL 4497868, at *2 (N.D. Cal. Feb. 8, 2021) (finding "compelling reasons" to seal "potentially sensitive identifying information"); *Deluca v. Farmers Ins. Exch.*, No. 17-CV-00034-EDL, 2019 WL 13202012, at *2 (N.D. Cal. May 15, 2019) (finding that sealing was appropriate where documents contained information "that would allow a member of the public to derive the identity" of an individual); *Am. Automobile Ass'n of N. Cal., Nev., & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal PII, "including names, addresses, phone numbers, and email addresses"); *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sep. 5, 2018) (sealing records containing phone numbers and addresses); *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG(DMR), 2017 WL 386345, at *4 (N.D. Cal. Jan. 27,

2017 (sealing portions of documents that contain "personal account numbers and email addresses"); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (sealing personal information, including a home address, phone number, and email address).

### C. Daybreak Narrowly Seeks to Seal Karlsson's PII to Protect His Privacy Interests

Daybreak's request to seal is narrowly tailored, seeking only to seal Karlsson's home address from public disclosure to protect his legitimate privacy interests. Public disclosure of an individual's residential address poses well-recognized security and privacy risks, and serves no meaningful public interest in the context of this litigation. Courts routinely permit sealing or redacting home addresses for this reason, as set forth above, and limiting the seal to this discrete piece of information ensures that the public's right of access is preserved while safeguarding Karlsson's personal privacy.

### CONCLUSION

In light of the foregoing, Daybreak respectfully requests that the Court grant its Motion in its entirety and any such other relief as the Court deems just and proper.

Dated: December 30, 2025           Respectfully Submitted,

                                   DENTONS US LLP


                                   By: */s/ Daniel A. Schnapp*
                                   Daniel A. Schnapp (*pro hac vice*)
                                   Nicholas B. Janda
                                   Monica B. Richman (*pro hac vice*)
                                   Mary Kate Brennan (*pro hac vice*)

                                   *Attorneys for Plaintiff*
                                   *DAYBREAK GAME COMPANY, LLC*

131993370