UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYBREAK GAME COMPANY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI, *et. al*,<br><br>    Defendants. | Case No. 25-cv-01489-BAS-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PRELIMINARY INJUNCTION ORDER (ECF No. 96)** |

On December 15, 2025, the Court denied Plaintiff's initial motion for alternative service (ECF No. 93). For the reasons below, the Court now **GRANTS** Plaintiff Daybreak Game Company, LLC's ("Plaintiff") motion for alternative service (ECF No. 96).

**I.  BACKGROUND**

On June 14, 2025, Plaintiff initiated this action by filing a complaint against Defendants Kristopher Takahashi, Alexander Taylor, and Does 1-20—alleging that, by creating a game named The Heroes' Journey, Defendants violated Daybreak's intellectual property rights associated with its game named EverQuest. Plaintiff alleged causes of action for: (1) direct copyright infringement, 17 U.S.C. § 101 *et seq.*, (2) copyright infringement by inducement, (3) violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1201, (4) trademark dilution, 15 U.S.C. § 1125(c), (5) federal unfair competition, 15 U.S.C. § 1125(a), (6) California trademark dilution, Cal. Bus. & Prof. Code § 14330,

(7) breach of contract under California common law, (8) unfair competition, California Cal. Bus. & Prof. Code § 17200, and (9) unjust enrichment under California common law. (ECF No. 1.)

Plaintiff filed a motion for preliminary injunction on June 14, 2025. (ECF No. 5.) Defendants filed an opposition on July 30, 2025. (ECF No. 50.) Nonparty Zachary Karlsson ("Karlsson") filed a declaration in support, which is attached to Defendants' opposition. (ECF No. 50-2.) The Court issued an order granting Plaintiff's motion for preliminary injunction on September 19, 2025 (ECF No. 66). Plaintiff attempted to personally serve the Court's preliminary injunction order upon Karlsson, and subsequently filed a motion requesting alternative service with the Court (ECF No. 90). The Court denied Plaintiff's first motion requesting alternative service. (ECF No. 93.) Plaintiff filed a renewed motion requesting alternative service (ECF No. 96), which the Court now considers.

## II. DISCUSSION

### A. Whether Karlsson Acted in "Active Concert or Participation" under Rule 65(d)

Federal Rule of Civil Procedure ("Rule") 65(d)(2)(C) provides that an order granting an injunction binds "the following who receive actual notice of it by personal service or otherwise. . . other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." And the district court has the power to enforce an order against a non-party "as if [he were] a party," if the injunction is addressed to the non-party and he is given notice of the injunction. *See* Rule 71; *Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1323 (9th Cir.1998) (a non-party may be held in contempt if he is given notice of the court's order and either abets the defendant in violating the order or is legally identified with him).

Again, as a threshold matter, the Court still finds it does not have sufficient evidence to determine at this time whether Karlsson acted in concert or participation (*i.e.*, privity) with Defendants under Rule 65(d). (ECF No. 93 at 4:25-26.) Nonetheless, the Court finds that deciding Plaintiff's allegations regarding Karlsson's participation in Defendants'

infringing activity is unnecessary to determine whether to grant Plaintiff's requests for alternative service to serve Karlsson. (*Id*. at 5:2-5.)

### B. Whether Plaintiff Exercised Reasonable Diligence to Serve Defendant

Under Federal Rule of Civil Procedure 4(e)(1), plaintiffs may serve an individual located within the United States by using any method allowed by the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). California—the state in which the Court sits—allows for five basic methods of service: (1) personal delivery to the party; (2) delivery to someone else at the party's usual residence or place of business; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Code Civ. Proc. §§ 415.10-50. Alternatively, California Code of Civil Procedure Section 413.30 permits the court to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." Cal. Code Civ. Proc. § 413.30.

Prior to seeking alternative service of process under Cal. Civ. Code § 413.30, Plaintiff must first demonstrate that Plaintiff exercised "reasonable diligence" in attempting to serve Defendant through other means of service specified in the California Civil Code of Procedure, including "personal delivery . . . to the person to be served" (Cal. Civ. Proc. Code § 415.10(a)). California state courts have held that "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *See Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992).

The Court previously found Plaintiff did not exercise reasonable diligence in attempting to serve Karlsson, since the address Plaintiff at which Plaintiff attempted to serve Karlsson did not appear to be a "proper place" for service given multiple failed attempts. (ECF No. 93 at 5:19–6:2.) Plaintiff's renewed motion demonstrates that Plaintiff exercised reasonable diligence in attempting to serve Karlsson at a "proper place," since it

also provides a detailed account of Plaintiff's investigators' attempts to identify alternative addresses for Karlsson (ECF No. 96 at 7:15–8:4).

### C.     Whether Proposed Alternative Methods Satisfy Due Process

"Methods authorized" under Chapter 4 of the California Code of Civil Procedure, as referenced in Cal. Civ. Proc. Code § 413.30, include personal service as discussed above. Though Plaintiff has "exercise[ed] reasonable diligence" to serve Karlsson as discussed above, the Court now must evaluate whether each proposed alternative method of service will be "reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30. Other district courts in California have held that Section 413.30 comports with federal due process protections, which require that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *LawRank LLC v. LawRankSEO.com*, No. 21-CV-04515-HSG, 2021 WL 4461592, at *1 (N.D. Cal. Sept. 29, 2021) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) and *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).

#### 1.     Certified Mail to Karlsson's Residence

First, Plaintiff proposes serving Karlsson via certified mail. It is well-established that California law allows for service by mail, in addition to various methods of substitute service. *See* Cal. Code Civ. P. 415.10, 415.20, 415.30, 416.10; *see also Whitaker v. Joe's Jeans Inc.*, No. 21-CV-00597-CRB, 2021 WL 2590155, at *2 (N.D. Cal. June 24, 2021). Moreover, the Supreme Court has "recognized" that service by certified mail can be "adequate for known addressees." *Dusenberry v. U.S.*, 534 U.S. 161, 169 (2002); *see also Su v. Fillet*, No. 23-CV-00167-SK, 2023 WL 10325012, at *4 (N.D. Cal. Oct. 12, 2023), *report and recommendation adopted*, No. 23-CV-00167-RFL, 2024 WL 1000178 (N.D. Cal. Jan. 2, 2024).

Here, as discussed above, Plaintiff has identified a "known" residential address for Karlsson. *Dusenberry*, 534 U.S. at 169. Thus, the Court **GRANTS** Plaintiff's request to serve Karlsson via certified mail.

## 2. Direct Messages to Karlsson's "Ozuri" Account on Discord and on Reddit

Alternative electronic service on domestic recipients is proper after the failure of reasonably diligent efforts by Plaintiff to conduct personal service. *See Browne v. Donalds*, No. 21-CV-2840, 2023 WL 4626697, at *6-7 (C.D. Cal. Apr. 13, 2023) (authorizing electronic service where Plaintiff had demonstrated diligent efforts to physically locate Defendant); *see also Su*, 2023 WL 10325012, at *4 (N.D. Cal. Oct. 12, 2023) (authorizing electronic service via iMessage to a phone number known to be associated with Defendant after Plaintiff's repeated unsuccessful attempts to personally serve Defendant).

Courts have held that an electronic means of service comports with due process, *inter alia*, where intended recipients have confirmed receipt of messages sent to their digital accounts, where recipients have been demonstrated to regularly maintain and access those digital accounts, or where recipients themselves have publicly announced their digital contact information online or in court filings. *See e.g., Sec. & Exch. Comm'n v. CoinW6*, No. 2:24-CV-07924-ODW (ASX), 2025 WL 1191570, at *6 (C.D. Cal. Mar. 26, 2025) ("Even if RPost confirms that the email was successfully delivered to the [defendant's] email addresses, RPost does not verify whether [the defendant] continues to maintain and access the email addresses"); *Sihler v. Fulfillment Lab, Inc.*, No. 20CV1528-LL-MSB, 2022 WL 20286296, at *3 (S.D. Cal. July 18, 2022) (finding email service reasonably calculated where "Plaintiff obtained Mr. James's email address from a certificate of service filed in March 2022 by his former attorney in this action"); *Beqa Lagoon Support Servs. v. Hasselman*, No. 20-CV-968 JLS (AHG), 2020 WL 6271032, at *1 (S.D. Cal. Oct. 26, 2020) (finding email service reasonably calculated where "[t]he email address, imse1@aol.com, is listed on IMSE's website under 'Contact Us'."); *Discord, Inc. v. Discord Sound*, No. 19-CV-05824-HSG, 2020 WL 553886, at *2–3 (N.D. Cal. Feb. 4, 2020) (authorizing service by email and Facebook where defendants communicated via those channels and were aware of the suit).

Here, Plaintiff seeks to serve Karlsson through messaging his username "Ozuri" on his Discord and Reddit accounts. Karlsson has recently acknowledged that he operates under the "Ozuri" handle "online" in court filings in this action. (ECF 50-2 ¶ 1.) Karlsson also cites posts from Discord and Reddit throughout his declaration. (*Id*. ¶¶ 30, 31, 66.) This illustrates two things: (1) Karlsson has actual notice of this lawsuit, and (2) Karlsson is familiar with Discord and Reddit platforms in a manner that indicates regular use. Thus, although Plaintiff has not communicated with Karlsson via Discord or Reddit, the Court **GRANTS** alternative service via Discord and Reddit—as methods likely comporting with due process.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion for alternative service (ECF No. 96) and **ORDERS** that within 14 days of the date of this order Plaintiff shall serve Karlsson with the preliminary injunction order (ECF No. 66) and a copy of this order: (1) by physical mail to Karlsson's residential address; (2) by sending Karlsson a link where the materials may be accessed and downloaded via a message to Karlsson's Discord account at the username "Ozuri"; and (3) by sending Karlsson a link where the materials may be accessed and downloaded via a message to Karlsson's Reddit account at the username "Ozuri."

Plaintiff shall by **January 14, 2026**, file proof of service indicating the date, time, and manner of service, including: (1) whether Plaintiff received a written acknowledgment of receipt from Karlsson, (2) whether Plaintiff received any notice that the Discord or Reddit message was not transmitted successfully. Alternatively, Plaintiff should file a motion for an extension of time to serve Defendants.

**IT IS SO ORDERED.**

**DATED: December 31, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**