**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYBREAK GAME COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER TAKAHASHI, *et. al*,<br><br>Defendants. | Case No. 25-cv-01489-BAS-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL (ECF No. 97)** |

Presently before the Court is Plaintiff Daybreak Game Company, LLC's ("Plaintiff") motion to seal (ECF No. 97) portions of its renewed motion for alternative service of preliminary injunction order (ECF No. 96). For the reasons below, the Court **GRANTS** Plaintiff's motion to seal. (ECF No. 97.)

**I.    BACKGROUND**

On June 14, 2025, Plaintiff initiated this action by filing a complaint against Defendants Kristopher Takahashi, Alexander Taylor, and Does 1-20—alleging that, by creating a game named The Heroes' Journey, Defendants violated Daybreak's intellectual

property rights associated with its game named EverQuest. Plaintiff alleged causes of action for: (1) direct copyright infringement, 17 U.S.C. § 101 *et seq.*, (2) copyright infringement by inducement, (3) violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1201, (4) trademark dilution, 15 U.S.C. § 1125(c), (5) federal unfair competition, 15 U.S.C. § 1125(a), (6) California trademark dilution, Cal. Bus. & Prof. Code § 14330, (7) breach of contract under California common law, (8) unfair competition, California Cal. Bus. & Prof. Code § 17200, and (9) unjust enrichment under California common law. (ECF No. 1.)

Plaintiff filed a motion for preliminary injunction on June 14, 2025. (ECF No. 5.) Defendants filed an opposition on July 30, 2025. (ECF No. 50.) Nonparty Zachary Karlsson ("Karlsson") filed a declaration in support, which is attached to Defendants' opposition. (ECF No. 50-2.) The Court issued an order granting Plaintiff's motion for preliminary injunction on September 19, 2025 (ECF No. 66). Plaintiff attempted to personally serve the Court's preliminary injunction order upon Karlsson, and subsequently filed a motion requesting alternative service with the Court (ECF No. 90). The Court denied Plaintiff's first motion requesting alternative service. (ECF No. 93.) Plaintiff filed a renewed motion requesting alternative service (ECF No. 96), and an accompanying motion to seal that renewed motion (ECF No. 97). The Court now considers Plaintiff's motion to seal accompanying its renewed motion for alternative service (*id*).

## II.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the

public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. In other words, the presumption of public access fully applies to "dispositive pleadings," such as "motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, the Ninth Circuit has "carved out an exception to the presumption of access" to judicial records for a "*sealed discovery document* [attached] to a *non-dispositive* motion," such that "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (citing *Foltz,* 331 F.3d at 1135).

The Ninth Circuit, thus, applies different standards for evaluating requests to seal documents accompanying dispositive motions and those accompanying non-dispositive motions. *Kamakana*, 447 F.3d at 1179. When the underlying motion is more than tangentially related to the merits (*i.e.*, a dispositive motion), the "compelling reasons" standard applies. *Id.; see also Ctr. for Auto Safety*, 809 F.3d 1092 at 1096–98. However, when the underlying document is a non-dispositive motion, the "good cause" standard applies, and a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 1180.

Separately, parties moving to seal documents must comply with the procedures set forth in this Court's Standing Order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases § 5. These procedures limit sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a

preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410-YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

### III. ANALYSIS

#### A. Related Documents More Than Tangentially Related to Merits

The Court finds that Plaintiff's renewed motion for alternative service (ECF No. 96) is only "tangentially related" to the merits of the case, since it relates to service of the preliminary injunction. *Daybreak Game Co. LLC v. Takahashi*, No. 25-CV-01489-BAS-BLM, 2025 WL 1707118, at *3 (S.D. Cal. June 18, 2025) (citing *Ctr. for Auto Safety*, 809 F.3d at 1102) ("[P]rocedural motions that do not bear on the merits of the underlying claims" are non-dispositive motions). Accordingly, the Court applies the "good cause" standard, rather than the more exacting "compelling reasons" standard reserved for documents associated with dispositive motions. *Ctr. for Auto Safety*, 809 F.3d at 1098–1101.

#### B. "Good Cause" Legal Standard

Federal Rule of Civil Procedure ("Rule") 26(c) states that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, "the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

#### C. Analysis

Plaintiff moves to redact Karlsson's home address, claiming it constitutes "personally identifiable information" ("PII"). (ECF No. 97-1 at 4:7-10.) Courts in this Circuit have regularly found that individuals' home addresses are sealable as PII under the "compelling reasons" standard. *See e.g., Richardson v. Mylan Inc.*, No. 09-CV-1041-JM WVG, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011) ("redactions from the court's record [under the 'compelling reasons' standard] are reserved for information such as individuals'

home addresses, telephone numbers, and Social Security numbers"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal addresses and phone numbers); *Gunderson v. Alta Devices, Inc.*, No. 19-CV-08017-BLF, 2021 WL 4461569, at *4 (N.D. Cal. Sept. 29, 2021) (granting motion to seal "personally identifying information of Class members, including their addresses, telephone numbers, and birthdates."). Thus, Plaintiff has demonstrated good cause to seal Karlsson's home address as personally identifiable information.

Additionally, Plaintiff does not seek to seal any text beyond Karlsson's home address in its motion to seal. Accordingly, the Court also finds Plaintiff's proposed redactions are "narrowly tailored." *See* Standing Order § 5.A; *Kamakana*, 447 F.3d at 1183.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiff's motion to seal (ECF No. 97). Further, the Clerk of Court shall **ACCEPT** and **FILE UNDER SEAL** any documents accompanying ECF Nos. 97, 98.

**IT IS SO ORDERED.**

DATED: January 12, 2026

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**